## MARTIN vs. TUCKER et al.

1. PROMISSORY NOTE: *Consideration for, how assailed in justice's court: Burden of proof.*

   In a suit on a promissory note, instituted before a justice of the peace, no affidavit is necessary for the defendant to avail himself of the defense of "no consideration or illegal consideration" for the note, either in the justice's court or in the circuit court, on appeal. The burden of proving such defenses is upon the defendant.

2. EVIDENCE: *Statement of defendant: Res gestæ.*

   The statements of a defendant to the plaintiff's attorney, of his reasons for executing a note, made at the time of executing it, are admissible as parts of the *res gestæ.* But his statements of them, at a subsequent time, in the absence of the plaintiff, are not admissible for him.

Martin vs. Tucker et al.

3. ILLEGAL CONSIDERATION: *Contract avoided by.*

 One may take a note from another for what he owes him, though for money embezzled; but if he procure the note to be executed upon an agreement not to prosecute him for the embezzlement, the contract will be illegal and void.

APPEAL from *Hempstead* Circuit Court.
Hon. J. K. YOUNG, Circuit Judge.
*Yonley & Whipple*, for appellant.

ENGLISH, C. J. This suit was commenced before a justice of the peace of Hempstead county, by T. L. Martin, on the following note, against the makers thereof:

"$168.83. Six months after date we, or either of us, promise to pay T. L. Martin the sum of one hundred and sixty-eight dollars and eighty-three cents, the same being money collected for box rent and postage stamps sold while clerk in the post office at Hope, Hempstead county, and state of Arkansas, during quarter ending June 30, 1877, at the rate of 10 per cent. from date until paid.

"HOPE, ARK., July 7, 1877.

<div align="right">

"A. F. TUCKER, [Seal.]
"A. L. MARTIN,
"W. J. R. HOWARD,
"MOSES WINTER,
</div>

(Credit of $35 indorsed.)    "W. P. POWELL,
           "J. M. SUMMERS."

All of the defendants were served with process except Howard and Winter.

On the return day of the summons, an entry in the docket of the justice states that "the defendants, by attorney, en-

tered oral pleas of no consideration and illegal considera-
tion, which were denied by plaintiff's attorney "

There was a trial and judgment discharging defendants,
and plaintiff appealed to the circuit court, where the cause
was submitted to a jury on the thirtieth of January, 1879;
verdict and judgment for defendants; motion for a new
trial overruled; bill of exceptions, and appeal to this court
by plaintiff.

The grounds of the motion for a new trial are as fol-
lows:

"1. The verdict of the jury was contrary to the evi-
dence.

"2. The verdict was contrary to the instructions of the
court.

"3. The court permitted evidence to go to the jury
which was hearsay and incompetent, and against the ob-
jections of the plaintiff.

"4. The court refused to require the defendants to make
their plea under oath affecting the legality of the note sued
on, as required by the plaintiff.

"5. For other irregularities in the course of the trial."

What instructions the court gave to the jury do not ap-
pear from the bill of exceptions.

I. The bill of exceptions states that after the case was
submitted to the jury, and before the evidence was com-
menced, plaintiff insisted that defendants had no plea in,
and had not attacked the consideration of the writing sued
on by plea under oath, and the court decided that it was
not necessary, as the transcript showed that an oral plea
had been made before the justice of the peace who tried
the case below; and that two of the defendants were in
court, and could state on oath the same, to which ruling of
the court plaintiff excepted.

1. PROMIS-
SORY NOTE:
Considera-
tion, how
assailed in
J. P. court.

The pleadings in an action before a justice of the peace may be written or oral, without verification, but, if oral, it is the duty of the justice to write down the substance thereof in his docket, etc.    *Gantt's Dig., sec. 3740.*

Where the suit is upon an instrument of writing, purporting to have been executed by defendant, plaintiff is not required to prove its execution, unless it is denied by affidavit.    *Ib., secs. 2495, 3756.*

Here, the defendants did not deny the execution of the note sued on, but pleaded orally, "no consideration, and illegal consideration," and they were not required to file any affidavit before the justice, or in the circuit court, on appeal, in order to avail themselves of such defenses. *Howell v. Vinsant, 7 Ark., 146; Greer, ad., v. George, adx., 8 ib., 131.*

Burden of proof on defendant.    The burden of proving that the note was executed without consideration, or upon an illegal consideration, was upon defendants, and an affidavit would have availed them nothing if it had been made and filed.    *Richardson et al. v. Comstock, 21 Ark., 69; Ware et al. v. Kelly, 22 ib., 441.*

II. In stating the substance of the evidence introduced at the trial, that which was objected to by appellant as hearsay, and incompetent, will be noticed.

Plaintiff read in evidence the note sued on, and rested.

A. G. Lowry, introduced for defendants, testified that he was attorney for plaintiff in taking the note sued on, and all he knew about the matter occurred while he was acting as such, and were privileged communications, and he objected to their disclosure.

The court overruled the objection, but stated that he should not be required to state any confidential communications; to which ruling plaintiff excepted.

Whereupon, witness testified that plaintiff left defend-

Martin vs. Tucker et al.

ant, Tucker's, bond of $1,000, given as deputy postmaster at Hope, and a due-bill for balance due by Tucker to plaintiff, with instructions to give up the same to Tucker when he gave a new note, with security. ·That Tucker told witness he did not owe plaintiff anything, but would give the note to save himself from prosecution for embezzlement. To which evidence plaintiff excepted, etc.

(a) An attorney is incompetent to testify concerning any communication made to him by his client in that relation, or his advice thereon, without the client's consent. *Gantt's Dig., sec. 2482.*

The ruling of the court was in harmony with the statute, and nothing stated by witness, Lowry, was of the character of a communication made to him by plaintiff, or his advice thereon, within the rule of exclusion.

(b) Witness was acting as attorney of plaintiff in taking the note sued on of Tucker, and declarations made by the latter to him at the time, relating to the consideration of the note, or the motives that induced him to give it, were admissible as part of the *res gestæ* for what they were worth.

<div style="float:right">2.EVIDENCE Statement of defend-ant: *Res gestæ.*</div>

A. L. Martin, one of the defendants, testified that A. F. Tucker came to him to get him to sign the note, and stated that if he would get the note signed by good security, plaintiff would not prosecute him. (Objected to by plaintiff, etc.) That after the note was signed by the defendants, plaintiff told witness that he was glad they had signed the note, for he did not wish to harm Tucker; that he was a young man, and he was sorry for him.

(c) The statement of Tucker to this witness, made in the absence of the plaintiff, was incompetent evidence, and should have been excluded. Tucker was acting for himself, and not as agent of plaintiff, in procuring sureties.

J. M. Summers, another defendant, testified, that A. F.

Tucker came to him with the note sued on, and wanted him to sign it, and he then went to see plaintiff, and told him that Tucker wanted him to sign the note, and he said all right, if the note was made it would save any further trouble. The idea conveyed by plaintiff, to witness, was, that he would not prosecute Tucker if the note was given.

On cross-examination, he testified, that plaintiff did not say that it would save Tucker from prosecution for embezzlement, but the witness supposed that was what he meant.

On re-examination, by defendants, witness stated that "the only reason why he signed the note was under the belief that it would prevent Tucker from being prosecuted in the United States court." (*Objected to by plaintiff, and objection overruled by the court, etc.*)

(d) Any statement made by plaintiff to witness, or by witness to plaintiff, relating to the execution of the note, or its consideration, was admissible, but it was not competent for the witness to state a belief, formed in his own mind, and not communicated to plaintiff, and assented to by him. It was the province of the witness to state facts, and of the jury to draw inferences from the facts.

Here defendants closed.

Plaintiff testified that defendant, Tucker, had acted as his deputy in the post office at Hope, and when he came to a settlement with him, Tucker owed him a balance of about the amount of the note, and gave him a due-bill for it, and proposed to give him a note, with security, for the amount due, in place of his bond; which proposition he accepted. He left the bond which Tucker had given him for $1,000, conditioned for the faithful performance of his duty as deputy, with his attorneys, Lowry & Lowry, Esqs., with instructions to give Tucker the bond when he executed the note, with security, for the amount of the

Martin vs. Tucker et al.

balance which was due him, and Mr. Lowry got the note, and notified him that he had a good note. He never, at any time, proposed or agreed that if Tucker would make the note, he would not prosecute him, and never made any threats, to him or any one else, that he would prosecute him for embezzlement. He settled according to Tucker's books.

S. M. Humphreys, called by plaintiff, testified that the post office was kept in the same room he occupied in Hope, and he was conversant with Tucker's business as deputy postmaster, and as express agent, and made out his quarterly reports for him, and knew that Tucker owed plaintiff, who was postmaster at Hope, the amount of the note sued on—except $35, which was an error in charge for furniture. Witness was present when the note was signed, and knew that there was nothing said between the parties about not prosecuting Tucker for embezzlement. He took Tucker out at the time, and told him he thought the note was for $35 too much—some matter of office furniture. Tucker took money out of the post office to pay what he was short with the express company.

On cross-examination, he stated that the postage-stamps were left in his safe, and no one knew the combination but himself and another person. When the combination was thrown back, persons could go in. Mr. Lowry had a drawer in the safe.

Here plaintiff closed.

A. L. Martin, re-examined for defense, stated that his only reason for signing the note with Tucker was, to keep Tucker from being prosecuted, and this information he got from Tucker. (*To which evidence plaintiff objected, and the court overruled the objection.*)

(e) We have above decided that statements made by

Tucker to a witness, to induce him to sign the note, in the absence of the plaintiff, were inadmissible.

A. G. Lowry, recalled by defendants, stated that he and others had access to Mr. Humphreys' safe, during day time, when the combination was thrown back. At night the combination was not thrown back, and no one could get in.

The above is the substance of all the evidence introduced by the parties.

III. It is clear that the evidence does not sustain the plea of no consideration. *Clegg v. Roane, 21 Ark., 362.*

3. ILLEGAL CONSIDERA-TION: Contract avoided by

IV. To support the plea of *illegal consideration* there was an attempt, by appellees, to prove that the consideration of the note was the compounding of a felony.

A bond, note or other promise is void if it be given in consideration of compounding a prosecution for felony, treason, or a public misdemeanor.

Appellant had a right to take a note from Tucker, with sureties, for what he owed him, though for money embezzled. *Breathwit v. Rogers, ad., 32 Ark., 762; Bishop on Contracts, sec. 174.*

But if appellant procured the note to be executed upon an agreement not to prosecute Tucker for embezzlement, the contract was illegal and void. *Puckett v. Roquemore, 55 Georgia, 235; Mathison et al. v. Hanks, 2 Hill, S. C. Law, 625.*

Putting out of view the incompetent testimony admitted on the trial, as above indicated, we can not say that the jury would have been satisfied, from the other evidence, that appellant procured the note to be executed upon an agreement with Tucker not to prosecute him for embezzlement.

The indications are that appellant was satisfied in having his debt secured, and was not disposed to prosecute Tucker

for embezzlement, but whether he made an agreement with Tucker, or his sureties, not to prosecute, as a consideration for the execution of the note, should be left to the jury upon competent evidence, under proper instructions from the court.

Reversed, and remanded for a new trial.