## ROBERTS et al. v. SOUTHWESTERN SURETY INS. CO.

No. 10020—Opinion Filed Feb. 15, 1921.

Rehearing Denied March 15, 1921.

(Syllabus by the Court.)

**Trial—Direction of Verdict—Right of Plaintiff.**

Where, under the pleadings, the plaintiff is entitled to recover unless certain affirmative defenses pleaded by the defendant are sustained, and where no evidence is produced reasonably tending to support such defenses, a verdict should be directed in favor of the plaintiff.

Error from District Court, Seminole County; Geo. C. Crump, Assigned Judge.

Action by the Southwestern Surety Insurance Company against James Roberts and others on note. From a judgment for plaintiff, defendants bring error. Affirmed.

C. Guy Cutlip, Thos. J. Horsley, and Jas. H. Cobb, for plaintiffs in error.

E. D. Reasor, for defendant in error.

NICHOLSON, J. The Southwestern Surety Insurance Company instituted this action in the district court of Seminole county against the plaintiffs in error to recover the

sum of $1,600, and interest and attorneys fees, upon a promissory note. The defendant James Roberts filed his separate answer, in which he admitted the execution of the note, and pleaded that he had made certain payments thereon for which credit had not been given. The defendants, R. E. Wood, S. P. Freeling, J. Coody Johnson, and T. S. Cobb filed their separate answer, in which they adopted the separate answer of James Roberts, and, in addition, pleaded affirmatively as follows:

"For a further defense these defendants allege: That some time just prior, the exact time not being now known to these defendants, to the 22nd day of January, A. D. 1913, the time when said note sued on in this case was made, one Sam Roberts, a son of the defendant, James Roberts, was employed as clerk in the Security State Bank of Wewoka, Oklahoma, and as such clerk was under bond for the faithful performance of all duties as such clerk, and that he was bonded by the plaintiff c mpany herein; that at some time just prior to the time the note sued on herein was made and after the time said Sam Roberts was bonded by plaintiff, he made defalcation and embezzlement of some of the funds of said Security State Bank, and that said plaintiff as insurer of said Sam Roberts was called upon to make good the shortage and defalcations at said bank; that said plaintiff sent its attorney, whose full name is to these defendants unknown but these defendants say that said attorney's last name is Foster but his given name is not at this time known to defendants, to the town of Wewoka, and that said attorney as agent and attorney for the plaintiff negotiated with these defendants and agreed to accept the note sued on herein upon an agreement and understanding that the said plaintiff herein compound or conceal such crime of embezzlement, and plaintiff further agreed not to prosecute said Sam Roberts if these defendants should sign said note; plaintiff further agreed to abstain from any prosecution and agreed to withhold all evidence of said crime. That the only consideration for the giving and making of said note was the agreement of the plaintiff herein to abstain from any criminal prosecution of the said Sam Roberts for the crime of embezzlement; that by reason of the foregoing facts the said contract and note sued on herein is wholly null, void, and unenforceable in a court of law or equity."

After both parties had rested, it having been shown that credit had been given for all payments made by the defendant Roberts, the court directed the jury to return a verdict for the plaintiff for the sum of $1,616.67.

The plaintiffs in error urge as ground for reversal that the trial court erred in peremptorily instructing a verdict for the plaintiff in face of controverted questions of fact. The only witness who testified in regard to the consideration for the note was James Roberts, principal thereon, and his testimony does not show that there was an agreement upon the part of the surety company not to prosecute his son Sam. That part of his testimony bearing upon that issue is as follows:

"Q. Just tell the jury, Mr. Roberts, what Mr. Foster said to you at the time there leading up to the execution of this note of $1,600. A. Mr. Foster was very nice. He told me that the Southwestern Surety Company had no desire to prosecute if it could be settled, if it could be adjusted or if adjusted and then satisfied. Of course, if I had thought there had been any prosecution I would have not have settled it that way. Q. Did he say whether or not the Southwestern Surety Insurance Company would prosecute your son Sam if you did settle it or adjust it? A. I don't know; he just said that they had no desire to prosecute if they got their money and if I ain't mistaken he suggested that I get Mr. Cobb on the note. I think I wrote to Mr. Johnson to get him to sign it. Of course I thought the matter was all adjusted. Q. Can you state any more fully, Mr. Roberts, just exactly what he said or what he said in regard to the prosecution of your son by the Surety Company? A. That the Southwestern Surety Company didn't care about prosecuting him if we could fix the matter up, the money was what they wanted and thought maybe could get the matter adjusted, something like that, in my presence."

Clearly, this evidence did not establish an agreement upon the part of the surety company not to prosecute Sam Roberts, and in order for the defendants to avoid payment of the note because of its illegality, it was incumbent upon them to prove that an agreement was made by the surety company not to prosecute. Martin v. Tucker, 35 Ark. 279; Godwin v. Crowell, 56 Ga. 566.

It is the settled rule in this state that it is error to direct a verdict for the plaintiff when, admitting the truth of all the evidence given in favor of the defendant, together with such inferences and conclusions as may be reasonably drawn therefrom, there is enough competent evidence to reasonably sustain a verdict, should the jury find for the defendant. Haddock v. Sticelber & Mong, 65 Oklahoma, 165 Pac. 1138; Sartain v. Walker, 60 Okla. 258, 159 Pac. 1096.

It is also the rule that where, under the pleadings, the plaintiff is entitled to recover unless certain affirmative defenses pleaded by the defendant are sustained, and where no evidence is produced reasonably tending to support such defenses, a verdict should be

directed in favor of the plaintiff. Conwill v. Eldridge, 71 Oklahoma, 177 Pac. 79.

We fail to find any evidence in the record of an agreement between James Roberts and the surety company whereby the surety company agreed not to prosecute Sam Roberts. James Roberts does not plead this defense to the note. There is no evidence showing that the other defendants had any agreement with the surety company, and, in fact, neither of them testified at the trial.

We are of the opinion that the defendants failed to sustain the affirmative defense by any evidence of a contract made in violation of the statute, and that the trial court was right in directing a verdict for the plaintiff.

For the reasons stated, the judgment of the trial court is affirmed.

HARRISON, C. J., and PITCHFORD, McNEILL, and ELTING, JJ., concur.