**CASTEEL et al. v. THOMPSON, Ex'x.**

No. 12791—Opinion Filed Jan. 15, 1923.

Rehearing Denied Feb. 12, 1924.

(Syllabus.)

**Trial—Directed Verdict—When Proper.**

Where, under the pleadings, the plaintiff is entitled to recover, unless an affirmative defense pleaded by the defendant is sustained, and where no evidence is produced reasonably tending to support such defense, a verdict should be directed in favor of the plaintiff.

Error from District Court, Murray County; John L. Coffman, Assigned Judge.

Action by Mary Thompson, executrix of estate of J. B. Thompson, against J. H. Casteel and another. Judgment for plaintiff, and defendants bring error. Affirmed.

John A. McClure, for plaintiffs in error.

Bowling & Farmer, for defendant in error.

COCHRAN, J. The defendant in error brought this suit against the plaintiff in error on certain promissory notes which had been executed to R. L. Williams, and assigned by him to J. B. Thompson. The plaintiff in error filed an answer alleging an offset on account of certain advertising published in his newspaper and for which R. L. Williams and J. B. Thompson agreed to pay. Upon a trial of the case, the court directed a verdict for the plaintiff for the full amount represented by the notes sued on, and, the verdict having been returned, judgment was rendered for the plaintiff.

The only question presented here is that the evidence in the case relative to the offset claimed by the defendant was conflicting and that the court erred in directing a verdict for the plaintiff on this conflicting evidence. In Kelly v. Hamilton, 78 Okla. 179, 189 Pac. 535, the court said:

"Where the evidence is conflicting and the court is asked to direct a verdict, all facts

and inferences in conflict with the evidence against which the action is to be taken must be eliminated entirely from consideration and totally disregarded, leaving for consideration that evidence only which is favorable to the party against whom the motion is leveled."

But the rule just announced is to be applied in connection with the rule announced in Roberts v. Southwestern Surety Ins. Co., 80 Okla. 280, 195 Pac. 1082, where the court held:

"Where, under the pleadings, the plaintiff is entitled to recover unless certain affirmative defenses pleaded by the defendant are sustained, and where no evidence is produced reasonably tending to support such defense, a verdict should be directed in favor of the plaintiff."

See, also, Conwill v. Eldredge, 71 Oklahoma, 177 Pac. 79.

In Central Life Ins. Ass'n v. Pyburn, No. 11171, decided October 30, 1923, 97 Okla. —, 222 Pac. 683, the court held:

"And where the evidence is such that it would clearly be the duty of the trial court to set aside a verdict for the defendant, it is not error to direct a verdict for the plaintiff. If the evidence of the plaintiff is sufficient to prove his cause of action, and there is no substantial evidence offered by the defendant upon any material issue in the case, it is not error for the trial court to instruct the jury to return a verdict for the plaintiff."

The burden of proof was upon the defendant to establish his offset by competent evidence, and he attached a statement of account to his answer, but the evidence discloses that the correctness of this account was not established by any competent proof. The defendant's books were not introduced in evidence and no attempt was made to prove the contents of the books, neither was there any evidence offered showing, or tending to show, the character and quality of the service performed and the reasonable value thereof. In this connection, we have carefully examined the testimony of the defendant and witness McClure, and it is our opinion that this evidence does not reasonably tend to support the defense of the defendant, and, had a verdict been returned for the defendant based thereon, it would clearly have been the duty of the trial court to have set it aside. In these circumstances, it is our opinion the trial court correctly directed a verdict for the plaintiff.

The judgment of the trial court is affirmed.

JOHNSON, C. J., and McNEILL, HARRISON, MASON, and LYDICK, JJ., concur.