### KANSAS, OKLA. & GULF RY. CO. v. SMITH.

No. 21923.   Feb. 20, 1934.

Rehearing Denied May 1, 1934.

O. E. Swan, Clayton M. Davis, and Blakeney & Ambrister, for plaintiff in error.

George H. Giddings, Sr., and Ledbetter, Stuart & Bell, for defendant in error.

BAYLESS, J. Orloff Smith, defendant in error, but hereinafter called plaintiff, recovered a judgment by the consideration of the district court of Oklahoma county against the Kansas, Oklahoma & Gulf Railway Company, a corporation, plaintiff in error, hereinafter called defendant. The defendant appeals to this court.

This action in the trial court was also against the Midland Valley Railroad Company, but its demurrer to the plaintiff's evidence was sustained, and that company is no longer material to a determination of the issues herein.

The action was tried on the amended petition of the plaintiff, alleging, in substance:

"1. Prior to 1927 plaintiff had worked for the defendant for years;

"2. That the defendant had, by some rule or regulation of its own, deducted from plaintiff's monthly wages the sum of $1 per month during the time employed by it;

"3. That it was understood and agreed that this deduction from his salary was to be kept by the defendant, and in return therefor it was to furnish him hospital care and medical attention in case of injury or incapacity;

"4. That in case he became incapacitated the defendant 'impliedly' became liable to furnish medical, surgical and hospital service during such incapacity to work;

"5. Plaintiff does not know whether such rules and regulations were in writing for he had no voice in the matter and says the money was deducted on defendant's own motion;

"6. That it was the custom and understanding among the employees that the money was deducted for such purpose;

"7. That he received an injury due to overstrain and was incapacitated from work and that this began about November, 1927;

"8. That he had requested medical attention and whatever other care or treatment was due him under and by virtue of this agreement, but the same had not been given to him; and

"9. That he had been damaged to the extent of the cost of such care and treatment in the sum of $160 per month, or a total of $2.800."

To this the defendant filed a general denial.

The defendant makes four arguments in support of its specifications of error, only one of which is material upon the record presented to us:

"The judgment is not sustained by sufficient evidence and the trial court erred in rendering judgment for plaintiff in the sum of $1,040."

It cannot be said, after an examination of the plaintiff's petition, whether he is relying upon a written contract, or an implied contract based upon the conduct of the parties, or upon the custom of the parties, i. e., the defendant and its employees, including the plaintiff. At the least, it was necessary for the plaintiff to establish some type of contract and its terms, by which his rights might be judged, and to show that he had been wrongfully denied these rights.

The most that the plaintiff proved by his own testimony, in respect to the contract and his rights thereunder, was that the defendant deducted from his wages $1 per month over a period of years, and that when he became incapacitated because of an injury or illness no hospital care or medical attention was accorded to him, even though he demanded it.

The plaintiff used H. W. Coffman, an employee of the defendant, as a witness, and proved by him that the agreement relating to hospital deductions was embodied in the prospective employee's written application for employment, but no such writing was introduced in evidence by plaintiff. This witness did not attempt to give the terms thereof. The witness testified further that the deductions were turned over to Dr. Tilly and the employee's privileges to treatment were governed by the hospital book of rules, but he did not have a copy thereof nor did he know its terms.

We find in the record a deposition of Dr. W. T. Tilly, taken and introduced in evidence according to the record, by plaintiff, by which deposition it was shown:

"1. That Dr. Tilly was chief surgeon for the defendant;

"2. That he operated a private hospital, but in addition had an agreement with the defendant that it should turn over to him all of the money collected from its employees and add thereto, if necessary, such sum as would make $1.100 per month;

"3. That a part of the time the defendant had to supplement the deductions from the employees' wages, sometimes as much as $300 per month;

"4. That in return for this, Dr. Tilly was to treat the employees of the defendant, operate upon them, and furnish hospital care for them for not more than four

months consecutively during one period of disability, appoint local physicians, designate local drug stores, and generally supervise the defendant's medical department;

"5. That the plaintiff never applied to Dr. Tilly for treatment, nor to any subordinate or local surgeon to Dr. Tilly's official knowledge;

"6. And that by the rules and regulations of the hospital association, any employee suffering from tuberculosis was not to be treated and any employee suffering from tuberculosis, venereal disease, or any other contagious disease was not entitled to hospitalization."

This was not disputed.

This being true, the plaintiff was entitled to treatment and hospitalization during his incapacity unless he was suffering from one of the diseases excepted in the agreement. No mention is made in the record of plaintiff suffering from a venereal disease or any contagious disease other than tuberculosis. The trial judge expressly found:

"The court further finds that the plaintiff is not suffering from tuberculosis, and has never been afflicted with tuberculosis. The court makes this finding from the testimony in the case and from seeing the plaintiff upon the stand and in court, and noting his physical appearance. The physical appearance of plaintiff does not indicate tuberculosis."

The plaintiff was not competent to testify whether or not he had tuberculosis, and he was not permitted to testify in regard thereto. The plaintiff's medical expert witnesses did not say on direct examination he had tuberculosis, and were not permitted to say on cross-examination that he did not have, although this witness said he advised plaintiff to consult a chest expert. There is in evidence in the record an "Application for Admission to the State Tuberculosis Sanatorium" at Talihina, Okla., sworn to by the plaintiff on February 8. 1928, in which he represents he is suffering from tuberculosis and has been for "about three months." This would relate back to and approximate the time of his illness for which he says he was entitled to treatment and care from the defendant. There is also in evidence records of the sanatorium reciting that he was admitted thereto February 25, 1928, with an advanced case of tuberculosis, and that he left the sanatorium of his own accord May 1, 1928, in an improved condition. This written evidence is nowhere contradicted. The trial judge's finding is plainly contrary to the only evidence on the point. In addition to this, the trial judge was not competent to judge, nor qualified

to say from the plaintiff's mere physical appearance at the time of the trial, April 4, 1930, that the plaintiff had never been afflicted with tuberculosis.

Therefore, due to the fact that plaintiff was suffering from tuberculosis, he was not entitled to treatment therefor nor to hospitalization because thereof.

There are other assignments of error presented and argued, but we deem a discussion of them unnecessary in view of our holding as hereinbefore stated.

The judgment of the trial court is reversed and the cause remanded.

RILEY, C. J., and SWINDALL, ANDREWS, and McNEILL, JJ., concur.