## MORGAN PETROLEUM CORPORATION v. BILLINGS.

No. 24157.   Oct. 8, 1935.

Warren K. Snyder, for plaintiff in error.

Dudley, Hyde, Duvall & Dudley, for defendant in error.

PER CURIAM. This is an action in which the plaintiff, now the defendant in error, sues the defendant, now the plaintiff in error, on a check. The parties will be referred to as they appeared below.

The petition alleges that on the 8th of December, 1930, for valuable consideration, the defendant made, executed and delivered to the plaintiff a check for $1,700, drawn on the Covington State Bank, of Covington, Okla., as a commission for the sale of oil interests. The defendant advised plaintiff that he did not have the cash on deposit in the bank to pay said check at the time, but it was given for the purpose of settling an account, and that it would deposit in the bank the money necessary to meet the check, but it has never done so. However, on the 27th day of January, 1931, a payment of $200 was received and credited upon the check, and the suit was for $1,500, with interest at 6 per cent. from December 8, 1930.

In its answer, the defendant admitted the issuance and delivery of the check to the plaintiff, and stated that the plaintiff agreed to purchase and pay for units, or interests, in the property of the defendant in the Oklahoma City field, to at least the amount of $15,000, and, in addition to that, was to procure one Sutton, an attorney at law at Enid, to purchase $15,000 worth of interests,

that the said Sutton did purchase such interests, and that the plaintiff agreed to take the pay for his interest, providing the plaintiff would receive the check from the defendant for the commission; and that the defendant, believing that the plaintiff would carry out his contract, issued him the check sued upon. The defendant claimed that the consideration for the check had wholly failed, and that if plaintiff were entitled to anything at all, it would be for only $850 for his commission for obtaining the Sutton purchase, and tendered into court $850 in full settlement, accord and satisfaction of the plaintiff's claim.

Due to the fact that the defendant admitted the issuance and delivery of the check, the defendant assumed the burden of proof in the trial of the case.

At the close of the defendant's case, the court sustained a demurrer to its evidence, and judgment was entered for the plaintiff for the amount sued for, and the jury was discharged.

The defendant's only complaint is that the court erred in taking the case away from the jury, as there was sufficient proof for submission to the jury.

The defendant submitted the testimony of only two witnesses, Mr. W. W. Sutton, an attorney at Enid, and Mr. Fred Morgan, the president of the defendant corporation. There was nothing in Mr. Sutton's testimony that throws any light upon the contract between the plaintiff and the defendant. The witness Morgan, in his testimony, never did sustain the position of the defendant that the plaintiff agreed to purchase $15,000 worth of units as alleged in the defendant's answer. There was some testimony offered that the plaintiff's mother was going to make this purchase. He stated that his proposition was that he would pay the plaintiff $2,000 for obtaining the Sutton investment and an investment by the plaintiff's mother. This evidence did not conform to the pleadings.

On the 1st day of December he gave the plaintiff a check for $2,000, which was postdated ten days. About two weeks later he saw the plaintiff. The evidence shows that the witness Morgan, in December, gave the plaintiff a check for $300, which was presented for payment and turned down; and that a new check was given for $300, and the $2,000 check was taken back, and a new check was issued for $1,700, dated December 8, 1930; and that later he gave a check for $200 which was the one that was credited on the $1,700 check.

On February 21, 1931, the witness Morgan wrote the plaintiff that he intended to carry out his agreement that he had made with the defendant in January of 1931, in the presence of a Mr. O'Connor, and the witness Morgan, when called by the attorney for the plaintiff in regard to the money owing on this check, at no time denied owing the full amount. As has been said, the testimony reveals no agreement upon the part of the plaintiff to purchase $15,000 worth of interests in certain oil wells, as is alleged by the defendant in its answer. The trial court did not permit the defendant to change the theory of his lawsuit and claim that it was the mother of the plaintiff that was to purchase interests, rather than the plaintiff; and the evidence on this theory was not sufficient to submit the case to the jury.

After the witness Morgan knew that the plaintiff's mother was not going to purchase any interest, he agreed to pay the plaintiff what he owed him on the check and never denied owing the full amount until suit was brought.

It would have been error on the part of the court to have submitted this case to the jury.

The court's action in this case was tantamount to directing a verdict. This court has held in numerous cases where under the pleadings the plaintiff is entitled to recover unless a certain affirmative defense pleaded by the defendant is sustained, and where no evidence is produced reasonably tending to support such defense, a verdict should be directed in favor of the plaintiff.

Conwill v. Eldridge et al., 71 Okla. 223, 177 P. 79; Roberts et al. v. Southwestern Surety Insurance Co., 80 Okla. 280, 195 P. 1082; Depuy v. Selby, 76 Okla. 307, 185 P. 107; Johnson et al. v. State Bank of Commerce, 123 Okla. 127, 252 P. 59.

There being no competent evidence introduced to support the defense set up in the defendant's answer, it was not error for the court to sustain a demurrer to defendant's evidence and enter judgment for the plaintiff, and the action of the trial court is therefore affirmed.

The Supreme Court acknowledges the aid of District Judge Harry L. S. Halley, who assisted in the preparation of this opinion. The District Judge's analysis of law and

facts was assigned to a Justice of this court for examination and report. Thereafter the opinion, as modified, was adopted by this court.

McNEILL, C. J., and RILEY, BUSBY, PHELPS, and CORN, JJ., concur.