BARNES et ux. v. CENTRAL STATE BANK.

No. 34699. Oct. 28, 1952.

*250 P. 2d 21.*

John Connolly and Gerald Spencer, Oklahoma City, for plaintiffs in error.

Halley, Everest, Halley & Spradling, Oklahoma City, for defendant in error.

PER CURIAM. On August 4, 1949, the Central State Bank of Oklahoma City filed suit in the common pleas court of Oklahoma county against Patt Barnes and Phala Barnes, seeking the recovery of $740.70, the interest thereon at the rate of ten per cent (10%) per annum from July 26, 1949, and an attorney's fee of $139.40 as the balance due on a note executed by Patt Barnes and Phala Barnes for the sum of $4,400. Barnes and his wife filed their answer and cross-petition, admitting the execution of the note and alleging that Barnes was engaged in the plumbing business in Oklahoma City; that on November 1, 1947, Barnes entered into an oral agreement with the Newman Plumbing Company of Altus, Oklahoma, to purchase a quantity of toilet stools, which were exceedingly scarce and in great demand in Oklahoma City and elsewhere; that on December 1, 1947, Barnes entered into an agreement with the bank under the terms of which the bank would advance him $12,000 with which to finance a series of purchases of toilet stools, that the bank knew that the purchase price of the original shipments of toilet stools would be excessive and that in purchasing said stools it was the purpose of Barnes to determine a source of supply and discover a manufacturer of toilet stools in order that Barnes could purchase stools directly from the manufacturer at a reduced cost; that the bank promised Barnes that it would lend him $12,000 to pay for toilet stools. Barnes also alleged that he relied upon the promise of the bank and purchased 200 toilet stools from the Newman Plumbing Company at Altus, Oklahoma, for $10,700, 71 of which toilet stools were delivered on December 16, 1947; that when the first shipment of toilet stools arrived the bank repudiated its agreement to finance Barnes and converted and appropriated the 71 toilet stools by placing them in a warehouse in Oklahoma City under the exclusive control of the bank; that after Barnes had entered into the agreement with the bank, he negotiated the sale of 200 toilet stools to building and plumbing contractors in Oklahoma City, Oklahoma, at a profit of $17 each or a total profit of $3,400. Barnes sought judgment against the bank for $2,500 over and above the amount the bank alleged he and his wife were indebted to it. The bank filed a reply by way of general denial.

On November 14, 1949, a jury was drawn and empanelled to try the cause. The court held that the burden of proof was upon Barnes and his wife. At the close of the Barnes' testimony, the bank demurred to their evidence and the court sustained the demurrer and rendered judgment for the bank.

Barnes and his wife urge that the trial court committed error in sustaining the bank's demurrer to their evidence and rendering judgment for the bank.

The testimony offered by Barnes and his wife established the following facts: Barnes told a representative of the bank that he could purchase the 200 toilet stools cheap enough to make a profit on them. Barnes agreed with the bank that all stools purchased by him were to be held by the bank as security for payment of the note. As soon as the first shipment arrived, Barnes asked a representative of the bank what he was to do with the stools. Barnes and the representative of the bank placed them in the Southwest Warehouse under an agreement that when a stool was paid for the bank was to issue a release order to the warehouse. The bank paid for the original shipment of 71 stools. On one occasion Barnes purchased 10 stools from the bank and gave it a check for $700. He later purchased a number of toilet stools, and other persons also purchased a number of them. The bank had previously advised Barnes that he or anyone else might purchase toilet stools from it and remove them from the warehouse. Two or three months after the storage of the toilet stools in the warehouse, a number of them still remained on hand. Barnes made no effort to sell

the stools remaining in the Southwest Warehouse, because he felt that the bank had done him an injustice. The bank then foreclosed its lien on the stools and sold those remaining at auction for less than the purchase price. Thus, it will be seen that Barnes failed to establish that toilet stools were exceedingly scarce and in great demand in Oklahoma City; that the bank agreed to lend him $12,000 with which to finance a series of purchases of toilet stools; that the bank appropriated the 71 toilet stools by placing them in the warehouse in Oklahoma City; that he negotiated the sale of even the first shipment of toilet stools to building and plumbing contractors in Oklahoma City at a profit of $17 each. Barnes made no effort to secure money from any other source with which to take the stools out of storage or purchase other stools from the source which he discovered upon the delivery of the first shipment and made no effort to sell those remaining on hand in the warehouse. Barnes and his wife produced no evidence to support their claim for damages because of the refusal of the bank to lend them additional money. He and his wife neither pleaded nor proved that they were without funds or unable to obtain funds from any other source with which to purchase the first shipment of toilet stools or additional stools.

The burden of proof was upon Barnes and his wife to establish their claim against the bank by competent evidence. This they failed to do.

If the cause had been submitted to a jury under the evidence offered by Barnes and his wife and the jury had returned a verdict for them, it would have been the duty of the trial court to set aside the verdict.

Where, under the pleadings, the plaintiff is entitled to recover, unless an affirmative defense pleaded by the defendant is sustained, and where no evidence is produced reasonably tending to support such defense, a verdict should be directed in favor of the plaintiff. Casteel et al. v. Thompson, 101 Okla. 59, 223 P. 148; Roberts et al. v. Southwestern Surety Insurance Co., 80 Okla. 280, 195 P. 1082.

The judgment of the trial court is affirmed.

This court acknowledges the services of Attorneys John W. Tyree, E. L. Richardson, and Thurston D. Nicklas, who as Special Masters aided in the preparation of this opinion. These attorneys were recommended by the Oklahoma Bar Association, approved by the Judicial Council, and appointed by the Court.

HALLEY, V.C.J., and WELCH, CORN, GIBSON, DAVISON, JOHNSON, O'-NEAL, and BINGAMAN, JJ. concur.