**OUR CO–OP, Madill, Oklahoma, a Corporation, Plaintiff in Error,**

**v.**

**Roy HOLDER, doing business as Holder's Feed Mill, Defendant in Error.**

No. 37206.

Supreme Court of Oklahoma.

Oct. 9, 1956.

Reuel W. Little, Madill, Embry, Crowe, Tolbert, Boxley & Johnson, by Ben L. Burdick, Oklahoma City, for plaintiff in error.

King & Wadlington, By Carloss Wadlington, Ada, Mathers & Mathers, Tupelo, Welch & Dudley, Madill, for defendant in error.

CORN, Justice.

The plaintiff, Roy Holder, brought this action against Our Co-op, Madill, Oklahoma, to collect $563.50 for cake pellets sold and delivered to the defendant, and, in the alternative, asked for judgment on a check issued by the defendant on February 23, 1955, in payment of the said pellets, to one J. W. Pitts and endorsed in blank by him and delivered to the plaintiff.

The amended answer and cross-petition of the defendant states, in part:

"Defendant specifically denies that it purchased goods, wares, and merchandise from the plaintiff herein, other than as may be hereinafter set forth and only insofar as the plaintiff herein was actually the same person or acting in conjunction with the said J. W. Pitts.

"Further answering, defendant states that on the 17th day of February, 1955, one J. W. (Bud) Pitts called this defendant over the telephone and asked how many cash certificates for drouth relief defendant had on hand; and was

told the total sum of $1,079.00. That said Pitts sent over his signed check by a truck driver, which said truck driver was actually in the employ of said Pitts, or the plaintiff herein or both. That said certificates were delivered to the said truck driver. Said certificates were redeemable in cash by the Commodity Credit Corporation of America and were delivered for said check in the sum of $1,079.00. Copy of said check is hereto attached Marked 'Exhibit A' and made a part hereto.

"Further answering, defendant states that he later ordered from said Pitts certain pellets amounting to the sum of $563.50, and said pellets were delivered by the said Pitts or plaintiff herein, acting for him and with him. That defendant issued the check herein sued upon made payable to the said Pitts only.

"Further answering, this defendant denies that plaintiff is the holder of said check in due course and in good faith. Defendant states that in fact plaintiff herein and said Pitts conspired together to cheat and defraud this defendant. That plaintiff herein had full knowledge and information of the activities of the said Pitts; and plaintiff and said Pitts worked together in order to get this defendant to accept the check of said Pitts and to receive a check from this defendant so plaintiff herein could claim to be a holder in good faith. That in connection with the manipulation by plaintiff and Pitts the plaintiff herein was acting with and for said Pitts, with full knowledge of the ultimate aim of cheating and defrauding this defendant. That by reason thereof, this defendant is entitled to recover over and against plaintiff herein as an offset the amount of plaintiff's claim and also the difference or the sum of $515.50.

"This defendant hereby calls upon the plaintiff to bring all records of all transactions between him and said J. W. (Bud) Pitts for a period of time from October 1, 1954, up to and including the present time; and that in the absence of said plaintiff bringing said records this defendant will offer secondary proof of the contents of said records; and does hereby call upon plaintiff to show his good faith by bringing all records, books, receipts, invoices, checks, and other transactions between him and the said J. W. (Bud) Pitts, now a bankrupt."

The evidence of the plaintiff is that he operates a feed mill at Coalgate, Oklahoma; that one J. W. Pitts called him on the telephone, February 22, 1955 and told him Our Co-op wanted 7 tons of cake pellets, and would pay $80.50 per ton, upon it being delivered to Our Co-op at Madill. Pitts, not being in a position at that time to fill the order, asked Holder if he would fill the order, and thereupon Holder called Ne-Tex Co-operative Mill at Wolfe City, Texas, and arranged for the purchase of 7 tons of cake pellets at $76 per ton, and sent Bill Edwards after the pellets and gave him a check payable to Ne-Tex Co-op Oil Mill for $532 to pay for the pellets and deliver the same to Our Co-op at Madill; that Edwards did deliver the pellets as aforesaid on the 23rd day of February, 1955 and brought the check in controversy back to the plaintiff, whereupon, after it was noticed by the plaintiff the check was made out to J. W. Pitts, he presented it to him and he endorsed it and turned it back to the plaintiff.

Plaintiff deposited the check in a bank in Stonewall, Oklahoma, to his credit, and before the check could clear through the payor's bank at Madill, payment on the check was stopped by the defendant.

Sam Whitson, manager of Our Co-op, testified that he was acquainted with J. W. Pitts, but had never met Holder; never did give him an order for the pellets, but ordered them from Pitts.

The record reflects that Holder bought and delivered seven tons of pellets to the

defendant and through a mistake a check was issued to J. W. Pitts in payment of the pellets. There would be no reason for any fraud being perpetrated in this deal because the undisputed facts show the plaintiff made a very small profit on this transaction after the hauling and the telephone bills were paid. Holder testified he made about $1.50 after all the expenses were paid.

The trial court, in sustaining the demurrer of the plaintiff to the evidence of the defendant, and directing a verdict had this to say:

"Gentlemen of the jury, in this case there has been a motion made for a directed verdict. That motion arises when there has been some difficulty on either the plaintiff's or defendant's side of the case. In this case the Court holds as a matter of law that the demurrer of the plaintiff is good, and orders you to execute a verdict in favor of the plaintiff, for the reason that the defendant has not put on any proof that the Court considers sufficient to show any defense to this check."

In the case of Barnes v. Central State Bank, 207 Okl. 399, 250 P.2d 21, 23, we held:

"Where, under the pleadings, the plaintiff is entitled to recover, unless an affirmative defense pleaded by the defendant is sustained, and where no evidence is produced reasonably tending to support such defense, a verdict should be directed in favor of the plaintiff."

We have made a thorough examination of the evidence in this case, and are in full accord with the findings of the trial court that there is not sufficient evidence to show any defense to the check.

Judgment affirmed.

JOHNSON, C. J., and DAVISON, HALLEY, BLACKBIRD, JACKSON and CARLILE, JJ., concur.

WILLIAMS, V. C. J., dissents.