257 F.2d 31
 Mary Jane BELL, personally, and as Executrix of the Last Will and Testament of Robert W. Bell, deceased, Appellant,
v.
RALSTON PURINA COMPANY, a corporation, and Metropolitan Life Insurance Company, a corporation, Appellees.
 No. 5808.
 United States Court of Appeals Tenth Circuit.
 July 8, 1958.
 
 Homer Cowan, Norman, Okl., for appellant.
 Wallace E. Robertson, of Robinson, Shipp, Robertson & Barnes, Oklahoma City, Okl., for appellee.
 Before MURRAH, PICKETT and LEWIS, Circuit Judges.
 PICKETT, Circuit Judge.
 
 
 1
 This action was brought by the plaintiff on behalf of herself, and also as executrix of her husband's estate, to recover total and permanent disability payments based on allegations that the defendant Ralston Purina Company had entered into a contract with her husband, an employee of Ralston, to make these payments. The Metropolitan Life Insurance Company was made a defendant because it carried group insurance on Ralston's employees. It was alleged that Metropolitan acquiesced in the contract. The trial court found that the evidence did not sustain the existence of the alleged contract, and dismissed the action. This appeal is taken only from the judgment in favor of Ralston.
 
 
 2
 The pertinent facts are that plaintiff's husband, Robert W. Bell, had been an employee of Ralston for about 27 years. During the year 1955 and the early part of 1956, when Bell was about 52 years of age, it was agreed that his health was such that he could no longer continue working. About January 30, 1956 he discussed with the manager of Ralston's Fort Worth, Texas plant, the possibility of retirement on the ground of total and permanent disability. In case of permanent and total disability, Bell would be entitled to receive monthly payments under Metropolitan's group policy carried by Ralston for the benefit of its employees. To supplement these payments, Ralston's Fort Worth manager told Bell that he would recommend that Ralston pay certain monthly amounts until such time as Bell and his wife would be entitled to Social Security payments. The manager made penciled computations of what the recommended payments would be, and gave them to Bell. This recommendation was conditioned upon Metropolitan's recognition of the permanent and total disability claim.[1] Plaintiff relies upon these penciled computations, and certain correspondence concerning them, as a basis to sustain the existence of a contract. A party who relies upon an express or implied contract as a cause of action has the burden of proving every fact essential to establish the contract. Barnes v. Central State Bank, 207 Okl. 399, 250 P.2d 21; Kansas, O. & G. Ry. Co. v. Smith, 168 Okl. 190, 32 P.2d 302; Doyle-Kidd Dry Goods Co. v. Ingram, 110 Okl. 3, 236 P. 37; National Surety Co. v. Board of Education of City of Hugo, 36 Okl. 569, 129 P. 25.
 
 
 3
 The evidence is without conflict that the penciled figures of the Fort Worth manager were solely for the purpose of explaining to Mr. Bell the total and monthly income he would have over the ensuing years if any one of several plans, as shown by the computations, was accepted by Ralston. There is no evidence from which it could be inferred that Ralston bound itself to make any payments. The purpose of this offer was nothing more that an attempt to assist a long-time employee by providing monthly income in the nature of a pension, until he and his wife would be entitled to Social Security benefits. The establishment of a contract from a set of facts is a question of law for the court. 17 C.J.S. Contracts § 611. It is clear that the attempt made here to establish a contract had none of the elements essential to a contract.
 
 
 4
 Affirmed.
 
 
 
 Notes:
 
 
 [1]
 R. W. Bell died March 31, 1956, and subsequently Metropolitan paid Mrs. Bell the death benefits arising out of the same policy