**Bill LEWIS, Plaintiff–Appellant,**

v.

**PILOT CORPORATION,
Defendant–Appellee.**

No. 01–7085.

United States Court of Appeals,
Tenth Circuit.

July 26, 2002.

Before HENRY, Circuit Judge,
BRORBY, Senior Circuit Judge, and
BRISCOE, Circuit Judge.

**ORDER AND JUDGMENT** *

BRISCOE, Circuit Judge.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R.App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Plaintiff appeals from the district court's judgment in favor of defendant, granting defendant's motion for judgment as a matter of law under Fed.R.Civ.P. 50. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

The operative facts are as follows. Plaintiff had a month-to-month lease on approximately 1.5 acres of land in Rowland, Oklahoma. Plaintiff leased the land from Ms. Gordon Kelly to run a gas station, which he had purchased in 1976. Plaintiff also erected a tire shop on the property with the landowner's permission.

In the summer of 1997, Mark Hazlewood, a representative of defendant Pilot Corporation (Pilot), stopped on a cold call and asked if plaintiff was interested in selling the station. After some discussion, plaintiff said he would hand Hazlewood the keys for $175,000 and walk out of it. Plaintiff claims he did not say he owned the land on which the station was located.

---

* This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

He further told Hazlewood he had a month-to-month lease, but would not identify the landowner. Hazlewood stated he would get back with his superiors and let plaintiff know something.

On October 13, 1997, Sheila Martin, Pilot's development manager, sent plaintiff a letter of intent [1] expressing Pilot's interest in the gas station, which plaintiff understood as an agreement to purchase the station for $175,000 "if certain conditions were met[, including] ... Pilot's ability to purchase land, including adjoining land that qualified regarding zoning, etc." Aplt. Br. at 6. Plaintiff signed as approving the letter and returned it to defendant. In late 1997, plaintiff's wife spoke with Ms. Martin about setting up a meeting with Ms. Kelly, the landowner. In early 1998, Ms. Martin left a message on plaintiff's answering machine informing him Pilot was no longer dealing with him and he was "out of the picture." Aplt.App. at 110–11.

Pilot entered into negotiations with the landowner, eventually agreeing to purchase 11.84 acres for the purpose of constructing a travel center. The land purchased included the acreage leased by plaintiff. In July of 1998, Ms. Kelly advised plaintiff that she had entered a real property lease agreement with Pilot and that plaintiff would need to vacate the property by November 1. Plaintiff complied with Ms. Kelly's request. He demolished the gas station and moved the tire shop and other fixtures to new locations.

Plaintiff sued Pilot for breach of contract, or, alternatively for an implied contract, for tortious interference with a contract, intentional infliction of emotional distress, and fraud. After plaintiff presented his case to the jury, Pilot orally moved for judgment as a matter of law under Rule 50, which the district court granted.

We review de novo the grant of a Rule 50 motion, applying the same standards as did the district court. *Tyler v. RE/MAX Mountain States, Inc.,* 232 F.3d 808, 812 (10th Cir.2000). "Judgment as a matter of law is appropriate only when 'a party has been fully heard on an issue and there is no legally sufficient evidentiary basis for a reasonable jury to find for that party on that issue.'" *Finley v. United States,* 82 F.3d 966, 968 (10th Cir.1996) (quoting Fed. R.Civ.P. 50(a)(1)). Evidence and inferences arising from that evidence must be construed most favorably to the nonmoving party. *Corneveaux v. CUNA Mut. Ins. Group,* 76 F.3d 1498, 1502 (10th Cir. 1996). However, although "[w]e do not weigh the evidence, pass on the credibility of the witnesses, or substitute our conclusions for that of a jury, ... we must enter judgment as a matter of law" if no legally sufficient basis exists with respect to plaintiff's claim under controlling law. *Harolds Stores, Inc. v. Dillard Dep't Stores, Inc.,* 82 F.3d 1533, 1546–47 (10th Cir.1996) (further quotation omitted). "In diversity cases, federal law governs the appropriateness of a Rule 50 motion, while the substantive law of the forum state controls the analysis of the underlying claims." *Wolfgang v. Mid–America Motorsports, Inc.,* 111 F.3d 1515, 1522 (10th Cir.1997).

The crux of this case is whether the October 13 letter of intent constituted an offer which, upon plaintiff's signing, could form a contract. We recognize that "[i]ssues such as whether a contract has been entered into and the terms of the alleged contract are generally questions of fact to be resolved by the fact finder." *Deepwa-*

---

1. Inasmuch as the parties are familiar with the contents of the letter, and indeed rely almost exclusively on this document to support their respective positions, we need not repeat it verbatim.

*ter Invs., Ltd. v. Jackson Hole Ski Corp.,* 938 F.2d 1105, 1112 (10th Cir.1991). In addition, under Oklahoma law the question of the existence of a contract is a question of fact for the jury. *See Manchester Pipeline Corp. v. Peoples Natural Gas Co.,* 862 F.2d 1439, 1445 (10th Cir.1988). Nonetheless, "[i]n order to have a valid contract there must be mutual consent, or a meeting of the minds." *Beck v. Reynolds,* 903 P.2d 317, 319 (Okla.1995). This requires that all parties agree on the same thing in the same sense. *Id.; see also* Okla. Stat. tit. 15, § 66.

Here, Pilot's letter of intent was no more than an offer to enter into further negotiations. The language itself (e.g., referring to the gas station as real property, requiring warranties of title, requiring environmental cleanliness), indicated an expectation that the purchase would involve land. Moreover, in the most precise terms the letter stated that "neither of us will be bound until a contract is executed by both parties," and anticipated "that other important issues would be covered by such a contract," which would further "require prior approval of [defendant's] accountants, attorneys, and board of directors." Aplt.App. at 50. Even the terms of price, closing date, and condition precedent of leasing adjoining property were made "[s]ubject to the execution of a mutually acceptable agreement." *Id.*

Plaintiff testified that the October 13 letter was the only document he relied on to establish an agreement with defendant. Aplee. App. at 4. Therefore his current argument that the September and December letters from Pilot to the landowner were substantial evidence from which a jury could have inferred the formation of a contract is without merit. *See* Aplt. Reply

Br. at 2–3. Plaintiff also explained that he understood the statement in the October 13 letter, that "[o]bviously, neither of us will be bound until a contract is executed by both parties," to mean there was a three-way contract involving plaintiff, Pilot and the landowner. Aplt.App. at 102 (quotation omitted). But this is simply not what the letter said.

The key here is whether a reasonable jury could have found for plaintiff on the issue based on the evidence presented. *Finley,* 82 F.3d at 968. However, "[t]he establishment of a contract from a set of facts is a question of law for the court." *Bell v. Ralston Purina Co.,* 257 F.2d 31, 32 (10th Cir.1958). We agree with the district court that the "evidence point[ed] but one way and [was] susceptible to no reasonable inferences which [might have supported plaintiff's] position." *Phillips v. Hillcrest Med. Ctr.,* 244 F.3d 790, 796 (10th Cir.2001) (further quotation omitted), *cert. denied,* —— U.S. ——, 122 S.Ct. 1203, 152 L.Ed.2d 142 (2002). We therefore conclude that the district court properly granted judgment for Pilot on plaintiff's breach of contract claim.

Plaintiff next argues that an implied contract is necessary to avoid unjust enrichment. Aplt. Br. at 15. He contends he is entitled to recover on an implied, or quasi-contract, theory to prevent Pilot's unjust enrichment based on the alleged assistance he provided to Pilot in completing the transaction with the landowner. *Id.* at 15–16. Neither the initial complaint nor the pretrial order made any mention of a claim of unjust enrichment, and the district court's ruling did not address such a theory, either. We will not address an issue raised for the first time on appeal.[2]

---

**2.** In addition, plaintiff's claim for tortious interference by Pilot with his contract with the landowner, which the district court determined he had failed to establish, is not addressed in plaintiff's brief; we therefore deem it waived.

*See Walker v. Mather (In re Walker),* 959 F.2d 894, 896 (10th Cir.1992).

Plaintiff further claims the district court erred in granting the Rule 50 motion on his claim of intentional infliction of emotional distress. We agree with the district court that, viewed most favorably to plaintiff, none of the alleged conduct by defendant rose to the level of being "beyond all possible bounds of decency," "utterly intolerable in a civilized community," or "of such character that no reasonable person could be expected to endure it" as required by Oklahoma law. *Starr v. Pearle Vision, Inc.,* 54 F.3d 1548, 1558 (10th Cir.1995) (quotations omitted).

Finally, plaintiff claims defendant made fraudulent representations which caused him harm. Aplt. Br. at 18–19. The district court found no evidence of any misrepresentations made to the plaintiff, nor was there anything in the October 13 letter of intent to support plaintiff's argument that Pilot never intended to pay him for his service station, *id.* at 19. The evidence presented by plaintiff demonstrated that the landowner had the undisputed right to require him to vacate the premises. To the extent that plaintiff apparently believes he could have somehow impeded Pilot's ability to acquire the land, the evidence showed that Pilot had located the landowner *before* sending him the letter of intent and subsequently initiated its own negotiations with her toward the land purchase.

The district court correctly entered judgment as a matter of law based on the lack of evidentiary support to submit plaintiff's claims to the jury. Accordingly, the district court's judgment is AFFIRMED.

