## CHICAGO, R. I. & P. RY. CO. et al. v. ZOBISCH et al.

No. 15891—Opinion Filed May 25, 1926.

Rehearing Denied June 22, 1926.

**1. Appeal and Error—Discretion of Lower Court—Grant of New Trial.**

The discretion of the trial court in granting a new trial is so broad that its action in so doing will not be disturbed on appeal, unless the record shows clearly that the court has erred in the decision of some clear and unmixed question of law, and that the order granting the new trial is based on such erroneous view of the law.

**2. Same—Erroneous Grant of New Trial to Plaintiff After Failure of Evidence.**

In a case for negligent handling of a shipment of hogs, alleged to have resulted in the death of four of them, where there is no affirmative evidence of negligence, and the trial court sustains a demurrer to plaintiff's evidence at the conclusion thereof, the action of the trial court thereafter in granting plaintiff a new trial is erroneous as a matter of law.

(Syllabus by Maxey, C.)

Commissioners' Opinion, Division No. 1.

Error from District Court, Oklahoma County; George W. Clark, Judge.

Action by Herman Zobisch et al. against

the Chicago, Rock Island & Pacific Railway Company and Clinton & Oklahoma Western Railroad Company. Case dismissed, and defendants appeal from an order of the trial court granting plaintiffs a new trial. Reversed.

C. O. Blake, W.' F. Collins, W. R. Bleakmore, and A. T. Boys, for plaintiff in error Chicago, Rock Island & Pacific Railway Company.

A. Carey Hough and Geo. A. Henshaw, for plaintiff in error Clinton & Oklahoma Western Railroad Company.

Suits & Hall, for defendants in error Herman Zobisch, Charley Zobisch, Paul Zobisch, and Fred Zobisch, partners, doing business under the firm name and style of Zobisch Grain Company.

Opinion by MAXEY, C. The parties will be referred to as they appeared in the court below. This was an action by Herman Zobisch, Charley Zobisch, Paul Zobisch, and Fred Zobisch, doing business under the firm name of Zobi. en Grain Company, against the Clinton & Oklahoma Western Railroad Company and the Chicago, Rock Island & Pacific Railway Company, to recover damages on a shipment of hogs and sheep over the defendants' lines of railway. Plaintiffs alleged that about the 31st day of July, 1921, they delivered one car load of hogs and sheep to the defendant Clinton & Oklahoma Western Railroad Company, at Butler, Okla., for transportation to Oklahoma City, Okla.; that said hogs and sheep were in good condition at the time they delivered them to the Clinton & Oklahoma Western Railroad Company, and allege that they instructed or requested the Clinton & Oklahoma Western Railroad Company to water the hogs contained in said car on arrival at Clinton or Ralph, about 22 miles from Butler, the place of shipment, and allege that the defendant railroad company refused to carry out said instructions, and did not water the hogs at Ralph or Clinton, and that by reason of the failure to water said hogs, four of them were dead when they reached Oklahoma City, and that the value of said hogs was $10.85 per cwt., making them worth $95.48; that they received as salvage on the dead hogs $4.15, leaving a balance of $91.33, for which they asked judgment. Answers were filed by the defendants consisting of a general denial and a specific denial as to any negligence on their part or any neglect of duty. The case was tried on the 3rd day of February, 1924. Prior to the introduction of any evidence, the defendants moved for judgment on the

pleadings and plaintiffs' opening statement, for the reason that no act of omission or commission was alleged against the defendants. It appears from the record that the court did not overrule the motion at the time it was made, but reserved its decision until after the testimony was in, and then sustained the motion and dismissed the suit. A motion for a new trial was filed, and on consideration of said motion, the court sustained the same and granted plaintiffs a new trial; and it is from this order granting a new trial to the plaintiffs that this appeal is prosecuted.

It is the well established rule in this jurisdiction, that a motion for a new trial is addressed to the sound discretion of the trial judge, and unless it is shown that there was an abuse of discretion, the order granting the new trial will not be disturbed. In the case of Freeman et al. v. Farmers & Merchants Bank, 51 Okla. 588, 152 Pac. 105, the court laid down the following rule:

"The discretion of the trial court in granting a new trial is so broad that its action in so doing will not be disturbed on appeal, unless the record shows clearly that the court has erred in the decision of some clear and unmixed question of law, and that the order granting the new trial is based on such erroneous view of the law."

The trial court, at the close of the testimony, sustained the demurrers of the defendants, on the ground that the petition of the plaintiffs did not state a cause of action against the defendants, and that the evidence was not sufficient to justify the court in submitting the case to the jury. In order that we may understand the ground upon which the court sustained the demurrers and rendered judgment for the defendants, we will quote what the court said at the time:

"The Court: I do not think there is evidence here that would justify a jury in returning a verdict in favor of the plaintiff on the negligence of the defendant. I do not think that the court could say that the death of these hogs was caused by the negligence of either defendant. That case that has been cited there has been suggestive. It sets forth the fact that some of the stock was bruised, showing that it had been mistreated, and there was one or more dead at the time they reached the point of destination. The evidence in this case is that the hogs—four of these hogs were dead, but there is not any evidence they were dead upon their arrival here. If I understand the evidence of the witness with reference to it, they were dead when they were out on the dock somewhere, but the mere fact of shipping and the death of the hogs is not sufficient to raise a presumption of negligence

on the part of the defendants. The demurrer will be sustained, and judgment rendered in favor of the defendants."

There is nothing in the record to show upon what ground the court changed its mind and granted a new trial. It is the rule of this court, that it will very seldom and very reluctantly reverse a decision or order of the trial court which grants a new trial. It will be done only when it can be seen, beyond any reasonable doubt, that the trial court has manifestly and materially erred with respect to some pure, simple, and unmixed question of law, and that except for such error, the ruling of the trial court would not have been so made. Hogan et al. v. Bailey, 27 Okla. 15, 110 Pac. 890; Rogers v. Quabner, 41 Okla. 107, 137 Pac. 361; Missouri, K. & T. R. Co. v. James, 61 Okla. 4, 159 Pac. 1109; McLauren v. Peoples State Bank, 95 Okla. 6, 217 Pac. 187.

It will be observed from the order of the court above quoted, that the court sustained the demurrer on the grounds that there was no evidence that would justify the jury in returning a verdict in favor of the plaintiffs on the negligence of the defendants. We agree with the court. After a careful reading of the evidence, we cannot find anything to show negligence, or any violation of duty on the part of either of the defendant railroads.

Paul Zobisch, one of the plaintiffs, and the person who shipped the hogs, in question, testified that he loaded the hogs and sheep in the car at Butler between 5 and 6 o'clock on July 31st. He says he requested the man in charge of the train to water them at Ralph Junction. He does not know whether they watered them or not, as he did not go with them, but in another part of his testimony, he testified that there was no way of watering them at Ralph Junction. This seems to be a place where the initial carrier, Clinton, Oklahoma & Western Railroad Company, connects with the other defendant, Chicago, Rock Island & Pacific Railway Company. There is nothing in the evidence to show that this carload of hogs and sheep was taken by Clinton, but for ought that the testimony shows, they might have been taken right on the main line of the Rock Island to Oklahoma City. There is nothing in the testimony to show what time the hogs and sheep arrived at Oklahoma City. The agent, Mr. Foster, of the commission firm to which they were shipped, testified that he did not see the hogs and sheep before they were unloaded, and that he does not know whether the four dead hogs in question were dead before they were unloaded or not. The balance of the hogs appeared to be in good condition; and there was nothing to show that the dead hogs died for the want of water, or from some other cause.

In our judgment, there is a total failure of any evidence to connect either of said railroads with any negligence or neglect of duty in the transporting of these hogs, and we think the court was right when it reached the conclusion that there was no evidence upon which a jury could base a verdict. Plaintiffs do not claim, in their motion for a new trial, that the judgment of the court was not sustained by sufficient evidence, or that it is contrary to law. Neither do they claim to have newly discovered evidence, which could not have been produced at the former trial.

The motion for new trial is as follows: (1) Error of the court in sustaining the demurrer of the defendants to plaintiffs' evidence. (2) Error of the court in rendering judgment in favor of the defendants. (3) Error of law appearing at the trial and excepted to by the plaintiffs.

We are not unmindful of the fact that this court is slow to disturb the judgment of the court granting a new trial. A party is entitled to have his day in court; both parties are entitled to this, but neither party is entitled to have more than one fair, reasonable opportunity to establish his claim or defense. To allow more would be to protract litigation to an extent which would preclude the administration of justice.

In our judgment, the plaintiffs below had a fair trial, and the full opportunity to present their case, and it is presumed that they presented their case just as strongly as the facts would admit. Goldie v. Corder, 35 Okla. 247, 129 Pac. 3. It is conceded that if the court, in ordering a new trial, misapplies or mistakes a legal proposition, such ruling will be reviewed with the same freedom as if made at any other station of the trial. In such a case this court does not supervise the discretion of the court below, but determines whether the view taken of the law was correct.

Now this court, in passing on the motion or demurrer, which it sustained, based it on his view of the evidence that it did not justify the jury in returning a verdict for the plaintiffs. That is the only demurrer upon which it based its judgment at the time it dismissed the case at the close of the trial.

It is with reluctance that we reach the conclusion that the order of the court granting a new trial, under the record in this case, was error, and for that error the case

is reversed and remanded to the trial court, with directions to set aside its order granting a new trial, and let the case stand dismissed.

By the Court: It is so ordered.

Note.—See under (1) 4 C. J. p. 830 § 2813. (2) 4 C. J. p. 833 § 2814.