## MOTOR MORTGAGE CO. v. HAMILTON et al.

No. 23658.   Jan. 28, 1936.

E. D. Brewer, for plaintiff in error.

Everett Petry and Carl H. Ravis, for defendants in error.

PER CURIAM. This is an appeal from the court of common pleas of Tulsa county. The parties occupy the same position here as in the trial court and will be referred to as plaintiff and defendant.

The petition of the plaintiff alleged its corporate existence; the execution of certain negotiable notes to Automobile Resale Company by the defendants, Paul Hamilton and J. F. Hamilton; the indorsement, transfer and sale of said notes to the plaintiff in due course of business for value and before maturity; payment by the defendants of three of the notes and default in payment of the remaining seven notes; its ownership of the unpaid notes; and prayer for judgment in accordance with the terms and tenor of said notes.

The defendants, Paul Hamilton and J. F. Hamilton, for answer admitted the execution of the notes in controversy, but alleged that the plaintiff was not the owner and holder thereof in due course, and alleged that said notes had been given in part payment of an automobile purchased by the defendants from the plaintiff and the Automobile Resale Company; that the implied warranty of title to said car had been breached in that the car sold to the defendants was a stolen car and the plaintiff and Automobile Resale Company had no title thereto; that by reason thereof the consideration for said notes had failed and defendants denied generally the other allegations of the plaintiff's petition. By way of cross-complaint, defendants allege that they had paid $100 in cash on purchase of said automobile and had paid three of the purchase notes amounting to $27.70 each, or a total expenditure of $155.40, for which they pray judgment against the plaintiff.

The evidence was brief and discloses substantially the following state of facts: That the defendant Paul Hamilton had, on or about the 22nd day of November, 1930, purchased an automobile from one A. R. Avery, doing business as Automobile Resale Company, and had paid $100 cash thereon and executed ten notes in the sum of $27.70 each for the balance of the purchase price, and that his father, J. F. Hamilton, had signed these notes with him; that the notes were sold to the plaintiff about the 24th day of November, 1930, and their canceled check in the sum of $225 in payment thereof was introduced in evidence. The evidence of the plaintiff substantiated its claim of bona fide purchaser of the notes in question without notice. The evidence of the defendants was to the effect that at the time they purchased the car they requested the certificate of title thereto and were referred to the plaintiff; that they did not receive this title until some three or four months after the purchase of the car and it was sent to them by mail, presumably from the plaintiff, but

witnesses were not definite on this point. The evidence further shows that the defendants paid three of the notes in question to the plaintiff. The evidence further shows some three or four months after the purchase of the car and the execution of the notes, the defendants were advised by the manager of the plaintiff that there was some question regarding the title to the automobile and the defendants brought the car in, drove it to the police station in the city of Tulsa, parked it on the street in front thereof and advised the police department that the car was outside of the building, and the defendants never inquired further as to what became of the car or whether the same was in fact stolen or not.

The evidence of the defendants further tended to show that the certificates of title to cars sold by A. R. Avery were obtained from the plaintiff. The testimony of the plaintiff emphatically denies any ownership of the particular automobile purchased by the defendants and any connection with the Automobile Resale Company other than that of purchaser of its car paper. The evidence of the defendants wholly failed to establish their defense as to breach of warranty of title and failure of consideration and no effort was made to show that the plaintiff was not a bona fide holder of the notes on which it sued. The testimony of the defendants, considered in its most favorable light, was sufficient only to raise a suspicion regarding the title to the car which they purchased.

At the close of the evidence, the plaintiff moved the court to direct a verdict in its favor, which was overruled and exceptions saved.

The plaintiff makes numerous assignments of error in this court, but we consider it necessary to pass only upon one and that was the error of the trial court in refusing to direct a verdict in favor of plaintiff. As we have said in Frank H. Harrah & Co. v. First National Bank of Tonkawa, 26 Okla. 620, 110 P. 725:

"Where under the pleadings the plaintiff is entitled to recover unless a certain affirmative defense therein pleaded is sustained, no evidence being produced reasonably tending to support such defense, a verdict should be directed in favor of the plaintiff."

The defendants having admitted the execution of the notes in question and having failed to introduce any competent evidence in support of their affirmative defenses of breach of warranty and failure of consideration, and the evidence of the defendants having wholly failed to connect the plaintiff and the Automobile Resale Company in the transaction, there was no sufficient evidence on which to submit the cause to the jury, and the action of the trial court in overruling the demurrer of plaintiff to the defendants' evidence and in refusing to direct a verdict in favor of the plaintiff under the record constitutes reversible error. The defendants do not attempt to sustain the verdict and judgment on any other ground than that in a law case this court will not reverse on account of the insufficiency of the evidence if there is any competent evidence which reasonably tends to support the verdict of the jury. This rule, however, does not aid the defendants here, since the record wholly fails to disclose any evidence upon which the verdict of the jury could be sustained.

As we have said in Ingram et al. v. Dunning, 60 Okla. 233, 159 P. 927:

"The verdict of the jury must reasonably be supported by the evidence. Where the verdict of the jury is not sustained by sufficient evidence, or is based upon conjecture, it is the imperative duty of the court, upon timely motion, to set aside and grant a new trial."

Judgment reversed and cause remanded.

McNEILL, C. J., and BAYLESS, WELCH, CORN, and GIBSON, JJ., concur.