## STEVENS v. SHARPE et al.

No. 28084. June 21, 1938.

Rehearing Denied Sept. 13, 1938.

Jones & Jones and Gotwals, Gibson, Killey & Gibson, for plaintiff in error.

M. E. Rosser and C. A. Ambrister, for defendants in error.

BAYLESS, V. C. J. James E. Sharpe, trustee for the creditors of the Fink Bonding & Insurance Company, a common-law trust, brought an action in the district court of Muskogee county, Okla., against W. N. Stevens to recover the balance due from Stevens under a contract of sale. The trial judge directed a verdict against Stevens, and he appeals.

Fink Company became financially embarrassed, and at a meeting of the shareholders a committee was appointed to negotiate for a sale of the business with the view of paying the creditors and quitting business. This committee eventually sold the company to Stevens for $9,000, of which $2,000 was paid in cash and the balance was to be paid in two annual installments of $3,500 each. Neither of these annual installments has been paid, and they form the basis for the action. The creditors of Fink Company approved the contract of sale, and thereupon Fink Company assigned the contract to the creditors. The creditors named Sharpe as their trustee to enforce the contract, and apply the proceeds. Sharpe died after bringing the suit.

Stevens argues two propositions, to wit: (1) This action was not prosecuted by the real party in interest; and (2) the court erred in giving the peremptory instruction. No. 2 is subdivided and these will be detailed later.

Stevens' objection to the party plaintiff is confessedly more technical than substantial. In the caption of the petition Sharpe's representative capacity is presented, although in the body of the petition nothing is said relative to his authority other than a short statement of his selection. Stevens asked the court to require additional allegations in this respect. An amended petition was filed wherein the matter of his selection and authority is set out in some detail. Stevens then sought additional details in respect of this feature of the case. In the meanwhile an application for the appointment of a successor to Sharpe was filed, wherein it was recited that Sharpe had died and it was necessary that a successor trus-

tee be named, and that it was agreeable to Sharpe's personal representative, the county court and all creditors that Fink Company be appointed trustee for its creditors. An order to this effect was entered, and it reads in part:

"* * * And is hereby substituted as the plaintiff in said cause with instructions to prosecute this claim and suit and do any and all things necessary and proper for the prosecution of said suit, and take any other or further action that may be necessary or proper in carrying out the duties and functions as trustee for the creditors of said Fink Bonding & Insurance Company, a common-law trust."

Thereupon, a second amended petition was filed, and among the allegations thereof are these:

"That heretofore, to wit, on or about the 10th day of August, 1933, James E. Sharpe was designated as the trustee for the creditors of the Fink Bonding & Insurance Company and acted as such trustee, including the filing of the above-entitled cause, until the 1st day of January, 1936, on which date he died at Oklahoma City, Okla.; that said James E. Sharpe was by said creditors designated as trustee to collect, compromise and adjust all claims belonging to said Fink Bonding & Insurance Company, and to distribute the same to the creditors thereof in accordance with the contract, which is hereto attached, marked Exhibit 'A' and made a part hereof. That, thereafter, under proper order of the district court of Muskogee county, the Fink Bonding & Insurance Company, a common-law trust, was appointed trustee for the creditors of said company. * * * That, thereafter, said committee with the consent and approval of the Fink Bonding & Insurance Company transferred and assigned said contract designated as plaintiff's 'Exhibit 'B' all the rights thereunder to James E. Sharpe, trustee for said creditors, and that thereafter said trustee formally ratified said assignment and assigned the same to James E. Sharpe, a copy of said formal assignment by said trustees to James E. Sharpe is hereto attached, marked 'Exhibit D' and made a part hereof. That as heretofore presented James E. Sharpe acted in such capacity until on or about the 1st day of January, 1936. at which time he died in Oklahoma City, Okla. That thereafter Chas. V. Sharpe was appointed administrator of the estate of James E. Sharpe and that, thereafter, upon request of all the creditors of the Fink Bonding & Insurance Company, said administrator assigned to the Fink Bonding & Insurance Company all the rights of said administrator in and to said contract heretofore designated as plaintiff's 'Exhibit B', a copy of which assignment is hereto attached, marked 'Exhibit E' and made a part hereof; and that, thereafter, upon proper order of the district court of Muskogee county, the Fink Bonding & Insurance Company, a common-law trust, was designated and appointed as the trustee for said creditors by the district court of Muskogee county."

In the light of this record it is difficult to see any basis for Stevens' complaint.

It is true that our Code of Civil Procedure contemplates and provides that an action be prosecuted by the real party in interest. Section 142, O. S. 1931, 12 Okla. Stat. Ann. sec. 221. Read literally this would mean that an action could only be maintained by the true beneficial owner of the cause of action. The courts have not been called upon to relax the intolerable inflexibility of such a situation, for section 144, O. S. 1931, 12 Okla. Stat. Ann. sec. 223, provides:

"An executor, administrator, guardian, trustee of an express trust, a person with whom, or in whose name. a contract is made for the benefit of another, or a person expressly authorized by statute, may bring an action without joining with him the person for whose benefit it is prosecuted. Officers may sue and be sued in such name as is authorized by law, and official bonds may be sued upon in the same way."

The purpose of such provisions is to protect a defendant as well as the courts. 47 C. J. 14, et seq. From a defendant's point of view, he is entitled to be sued only by those having complaint against him. Likewise, when he is once sued to final judgment on a claim, he should thereafter be free of further suit thereon. He is entitled to rely upon a final judgment respecting a claim against him as being exactly that.

Stevens' argument is that he is entitled to be sued by the party owning this contract and that when final judgment is rendered he will not be sued again on the claim by some other person, and to know that when he pays the judgment the money paid inures to those to whom he is indebted.

Granting the reasonableness of these points, we are unable to see from the record where Stevens' rights are prejudiced by these alleged defects. We believe that the pleadings, the order of substitution, and the evidence disclose that the action was prosecuted by the real party in interest within the purview of our statutes. Each nominal party plaintiff named in the caption and body of the pleadings purports to act for the creditors of Fink Company. Argument is made respecting the lack of legal entity—that is, the lack of legal body to justify maintaining an action as party plaintiff except through its named trustee. The allegations of the second amended petition are that Fink Com-

pany was organized as a common-law trust under the laws of Oklahoma. Stevens pleads a lack of information as to this, and therefore denies it. However, he follows this by allegations, respecting Fink Company's business and conduct and the contract, which render this denial ineffectual. Our statutes authorize the maintenance of an action by an express or common-law trust in its adopted name. Section 11820, O. S. 1931, 60 Okla. Stat. Ann. sec. 171. See Wagoner O. & G. Co. v. Marlow, 137 Okla. 116, 278 P. 294.

The second proposition, as we have said, is subdivided. It is said the court erred in directing the verdict because (1) the evidence showed that plaintiffs entered into a contemporaneous oral agreement which was breached: (2) plaintiffs did not deliver all of the assets of Fink Company to Stevens, and (3) again, plaintiffs did not deliver "any and all assets" to Stevens.

Stevens alleged that at the time he executed the contract sued on, he had a contemporaneous oral contract with various shareholders that they were to give him their patronage, and it was the expectation of this business which induced him to enter into the contract of purchase. We feel there is a complete failure of proof in this respect. When pressed as to the details he named Ambrister as one who promised, and immediately stated that Ambrister partly fulfilled his promise to his (Stevens') satisfaction. He stated another's promise as follows: "* * * He saw no reason why I could not have all of his. * * *" This man did not patronize Stevens after the purchase. We do not read his statement as an absolute promise. It cannot be regarded as any thing more than a promise to patronize if nothing prevented. The certainty with which the law requires promises of all kinds to be made excludes the notion that this man's equivocal statement was the statement of the assumption of a binding obligation. No promise on the part of any other shareholder is shown.

The argument over the failure to deliver all of the assets of the company is based upon the intrinsic value of the good will represented by an expirations list. Stevens insisted this list was the most valuable thing he bought. In short, this list was the secret,

exclusive property of the Fink Company, to be passed to him, whereby he was to be informed of the expiration dates of the various policies written by them so that he might have first approach to solicit renewals. He testified that when he took possession of Fink Company's offices this list was missing, but it was found within a few days in the office (its whereabouts and its return is unexplained). He argues from this that the list was delivered to others and its confidential contents disclosed to his competitors and its value to him destroyed. This is nothing more than inference, which certainly is no stronger than a number of other explanations. To have submitted this to the jury would have permitted the jury to choose one of several equally plausible but wholly hypothetical explanations.

It is next argued that he was to have all of the income for the months of July and August, which was to be collected by the trustee and paid to him, and that he was to pay the obligations of Fink Company to the various insurance companies for those months, and although $2,200 was collected, only $566 was paid to him. He attempts no further explanation to demonstrate that the difference was wrongfully withheld from him. He took the money without complaint then or at any other time within two or more years. In the meantime he had taken steps in connection with the complete carrying out of the contract that excluded the notion that some $1,700 had been wrongfully withheld from him. The passage of time would not of itself deprive him of the right to recoup such a loss in this action, but his conduct, coupled with his failure to show more than the fact of an apparent discrepancy, which was susceptible of several innocent explanations in addition to his inferred evil one, leads us to believe the trial court did not err in judging that he had not established a defense by his evidence.

The allegations of plaintiffs' pleadings were substantiated by sufficient competent evidence. Stevens' were not. The judgment is affirmed.

Judgment affirmed.

WELCH, PHELPS, CORN, and HURST, JJ., concur.