## KEMP v. ROBERTS.

No. 29945. Jan. 21, 1941.

*109 P. 2d 827.*

Swank & Swank, of Stillwater, for plaintiff in error.

Walter Mathews, of Cushing, for defendant in error.

PER CURIAM. Defendant in error, hereinafter referred to as plaintiff, instituted this action against the plaintiff in error, hereinafter referred to as defendant, to recover an alleged balance due under a written contract of employment. Verdict was directed for plaintiff for a sum less than that claimed. Defendant appeals, and the plaintiff cross-appeals.

The plaintiff alleged in his second amended petition that he had performed certain work as a driller under a written contract whereby he was to be paid partly in cash and partly out of oil which might be produced from the well on which he was performing said labor; that the well had produced sufficient oil to pay him in full, but that he had only been paid the cash per diem stipulated and a part of the money due him for oil, and that there remained due and unpaid the sum of $352.32, for which he prayed judgment. The defendant admitted the contract and the payments that had been made thereunder, and that the balance claimed by the plaintiff was correct, but denied that the same was then due and payable. The evidence was not in dispute and showed conclusively that the well had produced sufficient oil to net in excess of $1,791.25 for the payment of laborers' claims, and that the claims of all laborers except plaintiff had been discharged and satisfied for the approximate sum of $550, with the exception of certain claims made by the defendant and his son which were subsequently waived when the lease was sold, and that at the time this action was commenced the defendant had in his possession ample funds from oil produced with which to satisfy the claim of plaintiff in full. The plaintiff and the defendant both moved for directed verdict in their favor. The trial court directed a verdict in favor of plaintiff for the sum of $183.85.

The defendant urges that his demurrer to the evidence of plaintiff should have been sustained and that the action was prematurely brought and that the law of joint adventure should have been applied. The plaintiff urges that, since under the pleadings and the evidence the sole issue presented was whether the amount admittedly due him was then due and payable out of said oil money, he should have had a verdict for the full amount claimed by him. We agree with the contention of the plaintiff. The defendant admitted that under the contract the plaintiff would be entitled to the sum of $352.32, but sought to defeat a recovery in this action on the ground that the same had been prematurely brought. Since, however, as is pointed out above, the evidence showed that the claims of all the laborers had been discharged and that the claim of the defendant and his son had been waived, there remained only the claim of the plaintiff to be satisfied, and under the evidence and the admissions of the defendant ample funds had been provided out of oil from which to make this payment. Under the evidence a verdict in favor of the defendant could not have been sustained upon any grounds. The trial court therefore properly directed a verdict in favor of plaintiff. Stevens v. Sharpe, 183 Okla. 312, 82 P. 2d 672; Motor Mortgage Co. v. Hamilton, 175 Okla. 563, 54 P. 2d 153; Stuart v. First National Bank, 174 Okla. 292, 50 P. 2d 297; Briggs v. Wright, 162 Okla. 183, 18 P. 2d 530.

From what has been said above, it is apparent that the court was not justified in directing a verdict for an amount less than that claimed by the plaintiff, since the amount was not in dispute, being admitted that if the plaintiff was entitled to recover at all, he was entitled to the amount which he claimed. On account of this error the cause is reversed and remanded with directions to enter a judgment in favor of plaintiff in conformity with the views herein expressed.

Reversed, with directions.

WELCH, C. J., CORN, V. C. J., and RILEY, GIBSON, and DAVISON, JJ., concur.