## WARREN v. BROOKS.

### No. 35651.

Supreme Court of Oklahoma.

Nov. 17, 1953.

Spillers, Spillers, B. C. Franklin, Tulsa, for plaintiff in error.

R. Milton Cowen, Frank Robert Hickman, Frank Hickman, Tulsa, for defendant in error.

CORN, Justice.

Annie Brooks, plaintiff herein, brought this action on a promissory note and to foreclose a real estate mortgage securing the same, executed by Nuna Bell Warren, defendant herein, for the principal sum of $2,777.50 with interest and attorney fees. The defendant, in her answer, alleged that the note was usurious and prayed that she be allowed to set off against the claim of plaintiff, as provided by statute, in an amount equal to twice the amount of the

usurious interest charged which would be $1,105. The defendant also plead that she had made two $75 payments on the note which had not been credited to her by the plaintiff.

At the close of the evidence the trial court sustained a motion for a directed verdict in favor of plaintiff for the full amount sought. The defendant in her brief states:

"The Trial Court erred in directing the jury to return a verdict in favor of the plaintiff and against the defendant upon all issues in the case, and withdrawing the issue of usury from the consideration of the jury and defendant's evidence in support of her pleading of partial payment upon the obligation sued on, to which the defendant duly excepted."

The defendant testified in part as follows:

"Q. (By Mr. Spillers:) All right, now having refreshed your recollection over the night, will you explain exactly what items, for the purpose of clarification, went in to making up that note? A. $102.50, $150 and $350 and the interest, $123.

"Mr. Hickman: I can't hear you, pardon me, a little louder. A. I say $102 that I owed balance on the note, that was the December note, that was the last payment that I had to make, I paid it down to December, and the $150 the check, and $350 check and $123 interest.

"Q. (By Mr. Spillers:) On what? A. And a $1,400 check.

"Q. Then there was $100 that you owed for a fan? A. $100 that I owed for a fan.

"Q. Now, this $123 interest, what was that interest on? A. That was on the chattel mortgage.

"Q. In other words, it was $1,230 note? A. Yes.

"Q. And ten percent interest for one year is $123? A. Yes.

"Q. What do those figures add up to? A. Add up to $2,225.50."

The defendant also testified that she made two $75 payments on the note and produced two cancelled checks for $75 each to verify that fact. There was a denial by the plaintiff of the testimony of the defendant as to the items making up the amount sued for and also that the two $75 payments were to be applied as a credit on the note. If what the defendant testified to was true, usury was charged by the plaintiff and $150 had been paid on the note. The plaintiff, in testifying, itemized the amounts that went to make up the $2,777.50 note which if true shows no usury was charged. That certainly raised a question of fact to be submitted to the jury under proper instructions from the court. In Harvey v. Thomas, 150 Okla. 106, 300 P. 772, we held:

"It is error to direct a verdict for plaintiff where, admitting the truth of all the evidence given in favor of the defendant, together with such inferences and conclusions as may be reasonably drawn therefrom, there is enough competent evidence to reasonably sustain a verdict, should the jury find for the defendant."

The question to be determined on a motion for a directed verdict is whether, admitting as true all of the evidence favorable to the party against whom the action is contemplated, together with such inferences as may reasonably be drawn from it, there is enough competent evidence reasonably to sustain a verdict should the jury find in accordance therewith.

Where the evidence is conflicting, the motion for a directed verdict should be overruled.

The judgment is reversed with directions for the trial court to proceed consistent with the views herein expressed.

HALLEY, C. J., JOHNSON, V. C. J., and O'NEAL, WILLIAMS and BLACKBIRD, JJ., concur.