Roy E. HANNA, Plaintiff In Error,

v.

G. Y. PARRISH and Guy E. Clark, Copartners, DBA Parrish & Clark, Defendants in Error.

No. 37702.

Supreme Court of Oklahoma.

Nov. 5, 1957.

A. A. Berringer, Tulsa, for plaintiff in error.

Smith & Townsend, Tulsa, for defendants in error.

WILLIAMS, Justice.

This is an action on a note and chattel mortgage brought by D. Y. Parrish and Guy E. Clark, co-partners, doing business as Parrish & Clark, hereinafter referred to as plaintiffs, against Roy E. Hanna, hereinafter referred to as defendant. The cause was tried to a jury, and after both parties had rested, plaintiffs moved for a directed verdict and the court sustained such motion and directed the jury to return a verdict for the plaintiffs in the amount sued for. Defendant has appealed from the judgment entered on such verdict, and as his sole proposition of error asserts that the trial court erred in sustaining plaintiffs' motion for a directed verdict and in directing the jury to return a verdict for the plaintiffs.

Plaintiffs' petition alleged the execution and delivery, for a valuable consideration, of the promissory note sued on, a copy of which was attached to the petition, alleged that defendant had made the first payment due on said note but had failed and refused to pay the installments thereafter becoming due thereon, and sought judgment for the alleged balance due thereon of $408.10, together with interest and attorney's fee. Such petition also alleged a second cause of action for possession of a certain automobile by virtue of a certain chattel mortgage allegedly given as security for the promissory note sued on. Said second

cause of action has, however, apparently been abandoned by plaintiffs.

Defendant answered admitting the execution and delivery of the note and mortgage sued on, but alleging that the same had been paid and satisfied in full and that the original note had been stamped "paid" and returned to him by plaintiffs and that the mortgage had been released of record in the office of the Tulsa County Clerk and the original mortgage, stamped "released", returned to defendant. Plaintiffs' reply to such answer consisted of a general denial of the allegations therein contained.

At the trial of the cause, plaintiffs did not produce or introduce in evidence, the original note and mortgage, but did introduce, without objection, a copy of the same. The only testimony offered by plaintiffs was that of two of their employees, their office manager and their credit manager. The office manager identified the copies of the note and mortgage introduced in evidence as being such copies, and testified that the procedure followed by plaintiffs in handling such matters is that after the note and mortgage are made out they are given to the witness, and witness sets up a ledger sheet on the account, after which the note and mortgage are filed at the court house and payments thereon are entered on the ledger sheet. Witness identified the ledger sheet set up on defendant's account, which was introduced in evidence, and which showed that defendant had been credited with one payment in the amount of $37.10. The witness also testified that the note had not been paid and that the balance due thereon was $408.-10, but on cross-examination testified that she had no personal recollection of the matter and that her testimony was based solely on the information contained in the ledger sheet.

Plaintiffs' credit manager testified that the note had not been paid and that the balance due thereon was $408.10. Upon cross-examination, however, the witness testified that he didn't know of his own knowledge whether the debt had been paid or not, and that he stated it had not been paid because he had no record of it having been paid. After plaintiff rested, defendant offered in evidence the original note, the original mortgage, both of which were apparently in defendant's possession, and a letter dated August 18, 1955, from plaintiffs to defendant, and likewise rested. The original note was stamped "Paid ———— Parrish & Clark, by ————, Cashier". The original mortgage was stamped "Released, Wm. T. Gable, Jr., Tulsa County Clerk, H. C. Deputy." The letter from plaintiffs to defendant is as follows:

"Mr. Roy E. Hanna,  
5560 South Cinn.  
Tulsa, Oklahoma.  
"Dear Mr. Hanna:  
"We are enclosing note marked "paid" together with chattel mortgage which has been released by the county clerk.  
"We thank you again for the business and for the fine manner in which you paid the obligation.  
"Please call any time we may be of service.  

"Very truly yours,  
(signed)  "L. Rips,  
"Office Manager.  
"LR:jh  
"Enc."

Plaintiffs then moved for a directed verdict which was sustained by the court and a verdict directed for the full amount sued for together with interest and attorney fees.

Defendant argues that in passing upon a demurrer to the evidence or a motion for directed verdict, the trial court must consider as true all the evidence favorable to the party against whom the demurrer or motion is directed, together with all inferences that may be reasonably drawn therefrom, and disregard all conflicting evidence favorable to the demurrant or movant. Such is indeed the law. Fleming v. Hodgson, 199 Okl. 261, 185 P.2d 181; Cooke v. Townley, Okl., 265 P.2d 1108; Larkins-Warr Trust v. Watchorn Petroleum Co., 198 Okl. 12, 174 P.2d 589. The question to be determined on a motion for directed verdict is whether, admitting as

true, all the evidence favorable to the party against whom the action is contemplated, together with such inferences as may be reasonably drawn from it, there is enough competent evidence reasonably to sustain a verdict should the jury find in accordance therewith. Warren v. Brooks, Okl., 263 P. 2d 431. Defendant's evidence of possession of the original note marked "paid", of the original mortgage stamped "released" and the letter from plaintiff thanking him for payment of his note certainly constitutes sufficient evidence to support a verdict in defendant's favor should the jury find in accordance therewith.

Plaintiffs argue that where under the pleadings the plaintiff is entitled to recover unless a certain affirmative defense therein pleaded is sustained, and no evidence is produced reasonably tending to support such a defense, the verdict should be directed in favor of the plaintiff, and cite in support thereof, Motor Mortgage Co. v. Hamilton, 175 Okl. 563, 54 P.2d 153; Ivey v. Stewart, Okl., 295 P.2d 1056, and Barnes v. Central State Bank, 207 Okl. 399, 250 P.2d 21. The rule of law contended for by plaintiffs is certainly correct, but we can see no application to the case at bar in view of the evidence produced by defendant. Possession by the maker of a promissory note, of itself and standing alone, is prima facie evidence of payment. Caulk v. Carlson, 44 Okl. 532, 145 P. 335. Defendant not only proved possession of the note, but introduced evidence tending to show that such note had been marked "paid" and voluntarily returned to him by the holder, that the accompanying mortgage likewise had been released and returned to him, and that he had received a letter of thanks from the plaintiffs for the prompt payment of his account. Plaintiffs argue that defendant's possession of these documents has been explained as having been sent by them to the defendant erroneously and that therefore they did not constitute competent evidence. We do not agree. In the first place, plaintiffs' evidence contains no explanation as to why note had been marked "paid" and the mortgage stamped "released" and both returned to the defendant, if the note had not in fact been paid. The only testimony whatsoever that we have been able to find in the record concerning the matter occurred when plaintiffs' office manager was asked on cross-examination if she had not written defendant a letter thanking him for payment of his account, and she answered "yes"; witness was then asked if she thought that was a mistake, and she answered "yes, it was a mistake." We have been able to find no other evidence relative to the matter whatsoever. In the second place, under the rule above announced, the court would have to disregard such evidence in passing upon the motion for directed verdict, and consider as true all of defendant's evidence, disregarding all conflicting evidence favorable to plaintiffs. In the third place, while a cancellation of a negotiable instrument made unintentionally, or under mistake, is inoperative, nevertheless, where such an instrument, or any signature thereon, appears to have been cancelled, the burden of proof lies on the party who alleges that the cancellation was made unintentionally, or under mistake. 48 O.S.1951 § 265. Whether or not plaintiffs' evidence was sufficient to discharge such burden was a question of fact for the jury.

The judgment of the trial court is reversed and the cause remanded with instructions to grant defendant a new trial and to proceed in accordance with the views hereinabove expressed.

WELCH, C. J., CORN, V. C. J., and HALLEY, BLACKBIRD, JACKSON and CARLILE, JJ., concur.