Roy E. HANNA, Plaintiff in Error,

v.

G. Y. PARRISH and Guy E. Clark, co-partners, dba Parrish & Clark, Defendants in Error.

No. 38346.

Supreme Court of Oklahoma.

Sept. 29, 1959.

A. A. Berringer, Tulsa, for plaintiff in error.

Smith & Townsend, by Bruce M. Townsend, Tulsa, for defendants in error.

PER CURIAM.

This is an action on a note and chattel mortgage, brought by G. Y. Parrish and Guy E. Clark, co-partners, doing business as Parrish & Clark, hereafter referred to as plaintiffs, against Roy E. Hanna, hereafter referred to as defendant.

■ This is the second appeal in this case. As shown by our first opinion herein reported in 317 P.2d 745, the defendant filed an answer admitting the execution and delivery of the note and chattel mortgage sued upon, but set up as a defense full payment of said note and chattel mortgage, with photostat copies of said note and chattel mortgage stamped "Paid", and "Released" attached. Plaintiffs filed a reply denying the allegations in the defendant's answer. This case was tried the first time in 1956. Plaintiffs introduced evidence from two of their employees, the gist of which was that they did not know of their own knowledge whether or not payment had been made, but that their books did not show payment, and rested, whereupon defendant demurred to said evidence and the Court overruled said demurrer. Defendant then introduced the original note, stamped "Paid", the original chattel mortgage stamped "Released", and a letter from the plaintiffs' office manager thanking defendant for prompt payment of said account and rested. Plaintiffs moved for a directed verdict which motion was sustained and the jury was directed to return a verdict for the plaintiffs in the amount sued for.

On appeal of the case the jury, under the same evidence as was introduced at the first trial, returned a unanimous verdict for the defendant. The plaintiffs filed a motion for new trial which was sustained by the Court and defendant again appealed to this Court.

We held in the opinion reported in 317 P.2d 745 that the trial court erred in directing a verdict for the plaintiffs because there was a question of fact as to whether the defendant had paid the note in question and that it should have been submitted to the jury under proper instructions from the Court for its determination. Therein we stated all the facts surrounding this case. We have made a thorough examination of the record in the appeal now before us and have concluded that all the material facts and evidence are substantially the same on this appeal as in the former appeal. We, therefore, adopt the former opinion as a part of this opinion in so far as same is applicable to issues presented by this appeal.

The record does not show the trial court's reason for sustaining the motion for new trial. We assume from the record and history of this case that the trial court concluded that the note had not been paid and to permit a verdict in defendant's favor to stand would therefore constitute a miscarriage of justice. The matter of whether the note was paid was, as pointed out in our first opinion herein, a question of fact for the jury and not the court.

The evidence of the defendant was direct and positive that he paid the note,

**660**

evidenced by the note stamped "Paid", and the chattel mortgage stamped "Released", and a copy of the letter which accompanied the note and release, the same being set out in full in the former opinion, supra.

■ In Chicago, R. I. & P. R. Co. v. Zobisch, 118 Okl. 193, 195, 247 P. 351, 352, we said that "A party is entitled to have his day in court; both parties are entitled to this, but neither party is entitled to have more than one fair, reasonable opportunity to establish his claim or defense. To allow more would be to protract litigation to the extent which would preclude the administration of justice." And we said in Atchison, T. & S. F. Ry. Co. v. Hicks, Okl., 258 P.2d 672, 678, that a trial court "is not free to reweigh the evidence and set aside the jury verdict merely because the jury could have drawn different inferences or conclusions, or because the Court regards another result as more reasonable." See also Hansen v. Cunningham, Okl., 285 P.2d 432, 435.

The record does not reflect any legal reason, and none is cited by the plaintiffs in their brief, to justify the trial judge in sustaining the motion for a new trial. This action is therefore reversed with directions to the trial court to set aside the order sustaining the motion for a new trial and to enter judgment for defendant.

DAVISON, C. J., WILLIAMS, V. C. J., and HALLEY, JOHNSON, JACKSON, IRWIN and BERRY, JJ., concur.

WELCH, J., concurs in result.

The Court acknowledges the aid of the Supernumerary Judge, N. S. Corn, in the preparation of this opinion. After a tentative opinion was written, the cause was assigned to a Justice of this Court. Thereafter, upon report and consideration in conference, the foregoing opinion was adopted by the Court.