WYOMING WOOL MARKETING ASSOCIA-
TION, a Corporation, Appellant
(Plaintiff below),

v.

Martin URRUTY, Appellee
(Defendant below).

WYOMING WOOL MARKETING ASSOCIA-
TION, a Corporation, Appellant
(Plaintiff below),

v.

Dave HAMMOND and Ralph D. Perry,
Appellees (Defendants below).

WYOMING WOOL MARKETING ASSOCIA-
TION, a Corporation, Appellant
(Plaintiff below),

v.

Dale PATRICK, Appellee (Defendant below).

WYOMING WOOL MARKETING ASSOCIA-
TION, a Corporation, Appellant
(Plaintiff below),

v.

Clarence EKLUND, Appellee
(Defendant below).

Nos. 3218–3221.

Supreme Court of Wyoming.

Aug. 25, 1964.

Hickey, Rooney & Walton and James P. Horiskey, Cheyenne, for appellant.

William J. Kirven and William C. Holland, Buffalo, for appellees.

Before PARKER, C. J., and HARNSBERGER and GRAY, JJ.

Mr. Justice GRAY delivered the opinion of the court.

The question involved on this appeal taken by Wyoming Wool Marketing Association in Case No. 3218 is whether or not the action here was prosecuted in the name of the real party in interest as required by Rule 17(a), Wyoming Rules of Civil Procedure. Under the circumstances it is unnecessary extensively to relate the facts or the contents of the pleadings. In a general way, however, the record shows that on January 13, 1951, defendant Martin Urruty entered into a marketing agreement with Wyoming Cooperative Wool Marketing Association, predecessor in interest to plaintiff Wyoming Wool Marketing Association, whereby plaintiff acting as factor agreed through its agent, National Wool Marketing Corporation, hereinafter called National, to sell defendant's 1951 wool clip. At the time the agreement was executed plaintiff advanced to defendant against the contemplated net proceeds of sale the sum of $5,000.00 and later, upon receipt of the wool, advanced an additional sum of $13,-850.00. After marketing the wool, plaintiff claimed that overadvances had been made to defendant in the sum of $8,977.25 for which defendant was liable under the terms of the agreement; and under date of February 5, 1960, plaintiff commenced this action to recover such amount, together with interest from and after May 26, 1953. After issues had been joined by defendant's amended answer and on defendant's counterclaim, the matter came on for trial before a jury.

Plaintiff, in presenting its evidence on its case in chief, introduced a ledger sheet from its books of accounts reflecting debits and credits to its claimed account with defendant. However, stamped on the face of the ledger sheet was the following:

"Date April 1, 1964

Assigned to National Wool Marketing Corp."

In connection with this exhibit, plaintiff's counsel made inquiry of its witness Mr. Willis, state manager of plaintiff, concerning the stamp, and he stated that at one time defendant's account had been assigned to National on a debt owed National by plaintiff. The witness also stated that the accounts had not been reassigned by National to plaintiff and that plaintiff was still indebted to National, and "as these accounts are collected they will be paid to National Wool Marketing."

At the conclusion of plaintiff's case in chief the defendant moved for dismissal on the ground that the suit had not been brought in the name of the real party in interest as required by Rule 17(a), W.R.C.P. At this juncture no motion was made by plaintiff to reopen its case in chief or for a continuance, and the trial court after argument orally announced that such motion would be granted. Following this an order signed by the trial judge dismissing the complaint was filed with the clerk of court on May 7, 1963. That was an appealable order. Enos v. Keating, 36 Wyo. 318, 255

P. 1, 3. In the meantime plaintiff filed a motion for new trial asserting in substance that the action taken by the trial court was not sustained by sufficient evidence and was contrary to law. Attached to the motion were certain instruments to which further reference will be made. The motion was denied on July 19, 1963, and this appeal followed.

■■ We must first notice a procedural error for the reason that it brings into question the jurisdiction of this court to entertain the appeal. Plaintiff undertook to appeal from the denial of its motion for new trial. We recently held in Sun Land & Cattle Co. v. Brown, Wyo., 387 P.2d 1004, 1006, that an order disposing of a motion for new trial is not an appealable order under Rule 72(c), W.R.C.P. Thus, if our rules were literally applied, the plaintiff is without standing in this court. However, under the philosophy of Rules 61 and 72(g), W.R.C.P., relating to harmless error, we are of the view that this error may be remedied without affecting our jurisdiction. Our decision in the Sun Land & Cattle Co. case was rendered subsequent to the within appeal. If the benefit of that decision had been available to counsel we are confident that the mistake here would not have been made. Nevertheless, it is clear that the appeal is from the final order of dismissal and also brings up for review the claimed abuse of discretion by the trial court in denying the motion for new trial. Under the circumstances we perceive no sound reason for treating the mistake as other than harmless error, and in this we are not without precedent. Conway v. Pennsylvania Greyhound Lines, 100 U.S. App.D.C. 95, 243 F.2d 39, 40; 6 Moore's Federal Practice, § 59.15, pp. 3891–3893 (2 Ed.); 3 Barron and Holtzoff, Federal Practice and Procedure, § 1302.1, p. 347 (1958).

■ It is clear also that this may be done without affecting the timeliness of the appeal. As stated above, plaintiff filed a motion for new trial within ten days following the oral pronouncement of the court that the motion to dismiss would be sustained. While that motion was premature, Wyoming Farm Bureau Mutual Insurance Company v. Vannelli, Wyo., 370 P.2d 738, it was not fatal. Mitter v. Black Diamond Coal Co., 27 Wyo. 72, 193 P. 520, 521, affirmed 28 Wyo. 439, 206 P. 152; Partridge v. Presley, 88 U.S.App.D.C. 298, 189 F.2d 645, 656, certiorari denied 342 U.S. 850, 72 S.Ct. 79, 96 L.Ed. 642. The motion was sufficient to stay the running of time for appeal under Rule 73(a), W.R.C.P.

In view of the foregoing we hold that we have jurisdiction and we shall proceed to consider the question presented. Perhaps before proceeding further we should state that in a previous case brought here for review by plaintiff, Wyoming Wool Marketing Association v. Woodruff, Wyo., 372 P.2d 174, the appellee also advanced the suggestion that plaintiff was not the real party in interest and based the contention upon the fact that the ledger sheet introduced in that case bore a stamp which is identical to that appearing upon the ledger sheet here. However, it did not appear that this question was ever raised in the trial court, and judgment was rendered against plaintiff on the verdict of a jury. Further than this, the point was not adequately argued or briefed, and a determination thereof was unnecessary for purposes of disposing of the appeal. Here, however, the situation is quite different. The question is squarely before us and the outcome of this appeal is dependent upon its solution.

■ The purpose of Rule 17(a) is clear even though sometimes difficult to apply. As we indicated under our former statute, § 3–601, W.C.S.1945, which was substantially the same as our present rule, the purpose of a real party in interest requirement is to assure that an action is brought by the present owner of the right sought to be enforced. Weber v. City of Cheyenne, 55 Wyo. 202, 97 P.2d 667, 669. Or, as succinctly stated by the authorities on the same federal rule, to require "that the action be prosecuted in the name of the party, who, by the substantive law, has the right sought to be enforced." Rock Drilling, Blasting,

Roads, Sewers, Viaducts, Bridges, Foundations, Excavations and Concrete Work on all Construction, Hod Carriers', Building and Common Laborers' Local Union No. 17 v. Mason & Hanger Company, 2 Cir., 217 F. 2d 687, 693; Sigma Engineering Service, Inc., v. Halm Instrument Co., D.C.N.Y., 33 F.R.D. 129, 130; 3 Moore's Federal Practice, § 1702, p. 1505 (2 Ed.); 2 Barron and Holtzoff, Federal Practice and Procedure, § 481, pp. 7–8 (1961). We have held that the requirement is jurisdictional. Gardner v. Walker, Wyo., 373 P.2d 598. Turning specifically to the matter of assignments, we have held that the assignee of an account receivable is a real party in interest. James v. Lederer-Strauss & Co., 32 Wyo. 377, 233 P. 137, 139; Eller v. Salathe, 44 Wyo. 369, 12 P.2d 386, 388.

■ Plaintiff does not question the force of those decisions here, and in fact cites us to Dunham v. Robertson, 10 Cir., 198 F.2d 316, 319, wherein it was said, "The general rule including Wyoming, is that if an assignment is full and complete and all the rights have been transferred, the assignee is the real party in interest." It is argued, however, that the instant case does not fall within the rule. Plaintiff takes the position that the burden was on defendant to establish by sufficient evidence that the assignment here was absolute and unconditional; that such burden was not met; and that the court erred in determining to the contrary. We would agree that the burden is on the movant to sustain a motion. We would agree also that in the usual case the question of whether the action is prosecuted in the name of the real party in interest is affirmative matter to be sustained by a party claiming to the contrary. However, under the circumstances of this case we think the matter goes deeper than that.

■■ By the complaint plaintiff alleged a right of recovery from the defendant. That right was denied in the amended answer. In First National Bank at Cody v. Fay, 80 Wyo. 245, 341 P.2d 79, 84, we said, "The burden to prove a right remains upon him who asserts that right." This funda-mental rule seems to have been overlooked in plaintiff's argument. It is academic, of course, that to succeed, plaintiff was required on its case in chief to make out a prima facie case. Until that was accomplished it was unnecessary for defendant during the course of the trial to do anything. It was during plaintiff's efforts to make out such a case that plaintiff ran into difficulty with its proof. A ledger sheet detailing plaintiff's claimed account against defendant was introduced bearing upon its face a recitation that the account had been assigned to National. That was prima facie evidence of such fact. Johnson v. Hoffman, 7 N.J. 123, 80 A.2d 624, 26 A.L.R.2d 1001; Radtke v. Taylor, 105 Or. 559, 210 P. 863, 27 A.L.R. 1423. It also served to corroborate the testimony of plaintiff's manager that such an assignment had been made; that the account had not been reassigned; and that any recovery on the account would be paid to National. In the face of that evidence the conclusion of the witness that plaintiff was the owner was of little weight. Also, the argument of plaintiff that the account was unassignable as a matter of law is contrary to the record. Defendant in its agreement with plaintiff consented to an assignment to National. That was sufficient. 6 C.J.S. Assignments § 75 p. 1128. On that state of the record and absent some further explanation or qualification of such evidence, we are of the view that the trial court did not err in drawing the inference that the assignment was absolute and unconditional. If, as plaintiff now contends, no completed assignment had been made, the burden of going forward to establish such fact remained with plaintiff. It did not shift to the defendant.

The circumstance here is substantially the same in principle as that considered in Miles v. Continental Casualty Company, Wyo., 386 P.2d 720. The case involved a claim on an insurance policy covering accidental death and the insurer raised an exclusionary provision of the policy as an affirmative defense. The plaintiff, in mak-

ing out her case in chief, introduced a death certificate disclosing on its face that death was caused by an excluded disease. Nevertheless, having proved that death resulted soon after an accident, plaintiff took the position that the burden was on the insurer to sustain its defense. We declined to adopt that view. We held that plaintiff, having introduced evidence disclosing a proximate cause of death other than by accident, had the burden in making out a prima facie case to show by further evidence that such fact, nevertheless, did not defeat the right of recovery.

██ There is good reason to apply that rule here. The real party in interest requirement is for the protection of the defendant as well as the courts. Stevens v. Sharpe, 183 Okl. 312, 82 P.2d 672, 673; Pitts v. Crane, 114 Or. 593, 236 P. 475, 476. Here defendant agreed in advance to an assignment, and, when on the trial of the case it appeared for the first time that the claim had been assigned, the defendant had every right to insist that it be prosecuted against him by the present owner of the right. On the state of the record it was the only way defendant could be protected against further prosecution of the chose in action.

Also, we have been cited to authorities dealing with the matter of a partial assignment of a chose in action. However, we find it unnecessary to consider those cases for the reason there is no evidence here that this assignment in any event was a partial assignment.

██ We come now to the contention that the trial court erred in denying the motion for new trial. As stated, the basis for the motion was that the order of dismissal was not sustained by the evidence and was contrary to law. That proposition has already been decided adversely to plaintiff. However, there is some intimation in the argument that the trial court gravely abused its discretion in disregarding the material presented with the motion. That material consisted of a copy of an agreement between plaintiff and Na-

tional, dated April 1, 1954, wherein reference was made to an indebtedness from plaintiff to National for overadvances and wherein it was also agreed that on demand plaintiff would mortgage or pledge its assets "as may be reasonably necessary to secure such indebtedness." There was also attached the affidavit of an officer of National stating that no demand had been made on plaintiff to assign accounts receivable and that no assignment had ever been executed. The inconsistencies between this showing and that made at the trial are quite apparent, but unimportant for purposes of this appeal. The plain fact is that such evidence was available to plaintiff long before the trial. On the crucial question of the ownership of the right plaintiff staked its case on the ledger sheet and the testimony of its manager. The decision went against it. Can it now be claimed that the trial court abused its discretion in refusing to redetermine the matter on another set of facts readily available but not produced at the trial? We think not. In the face of the stamp on the ledger sheet which was in the hands of plaintiff before trial, due diligence required the marshalling of all pertinent evidence on the question. Demple v. Carroll, 21 Wyo. 447, 133 P. 137, 140, rehearing denied 135 P. 117; George v. Emery, 18 Wyo. 352, 107 P. 1, 3; Harden v. Card, 15 Wyo. 217, 88 P. 217, 232.

Cases Nos. 3219, 3220, and 3221 brought here by plaintiff were consolidated with No. 3218 for the reason that each case involved the real party in interest question. Other than some slight difference in procedure the circumstances presented by the record in each of these cases are substantially the same and the same errors have been assigned. It is understood by the parties that our decision in No. 3218 is to control the decision in each of the other cases, and we hold that such decision is controlling. Therefore, the separate orders dismissing the action in each of these cases are affirmed.

McINTYRE, J., not participating.